1   Viddell Lee Heard (# 175049)
       vheard@afrct.com
2   ANGLIN, FLEWELLING, RASMUSSEN,
       CAMPBELL & TRYTTEN LLP
3   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4   Tel:  (626) 535-1900 | Fax:   (626) 577-7764

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor by
6   merger with Wells Fargo Bank Southwest, N.A.,
    formerly known as Wachovia Mortgage, FSB,
7   formerly known as World Savings Bank, FSB
    ("Wells Fargo")

8

9                   UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12  MARTHA ALVAREZ, an individual,       CASE NO. 2:12-cv-09661-PA (RZx)

13              Plaintiff,                **WELLS FARGO BANK, N.A.'S**
                                          **NOTICE OF MOTION AND MOTION**
14  vs.                                   **TO DISMISS COMPLAINT;**
                                          **MEMORANDUM OF POINTS AND**
15                                        **AUTHORITIES**
    WELLS FARGO HOME
16  MORTGAGE, INC. a California           [Filed with separate Request For Judicial
    Corporation; NDEX WEST, LLC a         Notice]
17  Delaware Limited Liability
    Company; and DOES 1 through 50,       Date:        December 17, 2012
18  inclusive,                            Time:        1:30 p.m.
                                          Ctrm:        15
19              Defendants.
                                          [Assigned to the Hon. Percy Anderson,
20                                        Dept. 15]

21

22

23  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

24          PLEASE TAKE NOTICE that on December 17, 2012, at 1:30 p.m. or as

25  soon thereafter as the matter may be heard in Courtroom 15 of the above-entitled

26  Court located at 312 North Spring Street Los Angeles, CA 90012, Defendant

27  WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank

28  Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known

*Vertical left margin:* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   as World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for

2   relief in the operative complaint. The grounds for this motion to dismiss, brought

3   pursuant to Federal Rules of Civil Procedure 12(b)(6), are:

4        <u>First Claim for Relief:  Violation of Bus. & Prof. Code § 17200 *et seq.*</u>

5        The complaint fails to state a claim because: (i) the claim is preempted by

6   the Home Owners' Loan Act (HOLA); (ii) the complaint fails to allege a factual or

7   legal basis for the claim; (iii) the claim is time-barred; and (iv) the claim is not

8   plead with adequacy or particularity.

9        <u>Second Claim for Relief:  Unfair and Deceptive Business Practices in Loan</u>

10  <u>Servicing</u>

11       The complaint fails to state a claim because: (i) the claim is preempted by

12  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii)

13  the claim is time-barred; and (iv) the claim is not plead with adequacy or

14  particularity.

15       <u>Third Claim for Relief:  Unfair and Deceptive Business Practices in</u>

16  <u>Foreclosure Process</u>

17       The complaint fails to state a claim because: (i) the claim is preempted by

18  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; (iii)

19  the claim is time-barred; and (iv) the claim is not plead with adequacy or

20  particularity.

21       <u>Fourth Claim for Relief:  Fraud in Loan Origination</u>

22       The complaint fails to state a claim because: (i) the claim is preempted by

23  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

24  (iii) the claim is not plead with adequacy or particularity.

25       <u>Fifth Claim for Relief:  Set Aside Pending Trustee Sale Based on Wrongful</u>

26  <u>Foreclosure Proceedings</u>

27       The complaint fails to state a claim because: (i) the claim is preempted by

28  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  (iii) the claim is not plead with adequacy or particularity; and (iv) Plaintiff has not

2  tendered her outstanding indebtedness.

3      Sixth Claim for Relief: Violation of The Real Estate Settlement Procedures

4  Act (RESPA)

5      The complaint fails to state a claim because: the complaint fails to allege a

6  factual or legal basis for the claim.

7      Seventh Claim for Relief: Breach of the Implied Covenant of Good Faith

8  and Fair Dealing

9      The complaint fails to state a claim because: (i) the claim is preempted by

10  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim; and

11  (iii) the claim is not plead with adequacy or particularity.

12      Eighth Claim for Relief: Cancellation of Void Contract and Restitution

13      The complaint fails to state a claim because: (i) the claim is preempted by

14  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim;

15  (iii) the claim is not plead with adequacy or particularity; and (iv) Plaintiff has not

16  tendered her outstanding indebtedness.

17      Ninth Claim for Relief: Quiet Title

18      The complaint fails to state a claim because: (i) the claim is preempted by

19  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim;

20  (iii) the claim is not plead with adequacy or particularity; and (iv) Plaintiff has not

21  tendered her outstanding indebtedness.

22      Tenth Claim for Relief: Declaratory Relief

23      The complaint fails to state a claim because: (i) the claim is preempted by

24  HOLA; (ii) the complaint fails to allege a factual or legal basis for the claim;

25  (iii) the claim is not plead with adequacy or particularity; (iv) Plaintiff has not

26  tendered her outstanding indebtedness; and (v) declaratory relief is not an

27  independent cause of action.

28      This motion is based on this notice of motion and motion, the attached

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  memorandum of points and authorities, the accompanying request for judicial

2  notice and exhibits thereto, the documents on file in this action, the argument of

3  counsel, and on such other information as the Court may deem appropriate.

4  **Compliance with Local Rule 7-3**. Wells Fargo's counsel sent by fax and

5  mail a letter to Plaintiff's counsel describing the grounds for Wells Fargo's

6  motions to dismiss and to strike and inviting counsel to discuss the issues further.

7  Plaintiff's counsel did not respond to the letter.

8  Respectfully submitted,

9  Dated:  November 16, 2012   ANGLIN, FLEWELLING, RASMUSSEN,
10                                            CAMPBELL & TRYTTEN LLP

11

12  By: _____/s/ Viddell Lee Heard_____
                              Viddell Lee Heard
13                              vheard@afrct.com
      Attorneys for Defendant
14  WELLS FARGO BANK, N.A., successor by
      merger with Wells Fargo Bank Southwest, N.A.,
15  formerly known as Wachovia Mortgage, FSB,
      formerly known as World Savings Bank, FSB
16  ("Wells Fargo")

17

18

19

20

21

22

23

24

25

26

27

28

*Left margin (vertical):* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

1.   INTRODUCTION ................................................................................ 1

2.   FACTS SUBJECT TO JUDICIAL NOTICE ................................................ 1

3.   PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY HOLA ............................................................................................ 2

    A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA ...................... 2

    B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws that Affect Lending ................................................. 3

    C.   State Laws Preempted by HOLA ........................................... 3

    D.   HOLA Preempts Plaintiff's Claims ....................................... 4

    E.   Numerous Courts Have Recognized That HOLA Preempts Claims Such As Those Asserted Here ................................. 6

4.   THE COMPLAINT DOES NOT STATE A FRAUD CLAIM ...................... 9

    B.   The Claim Is Time-Barred ................................................. 10

    C.   The Complaint Fails To Establish A Duty of Disclosure ................... 10

5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ...................................................................................... 11

6.   THE COMPLAINT DOES NOT STATE A CLAIM TO "SET ASIDE PENDING FORECLOSURE SALE" DUE TO VIOLATION OF CIVIL CODE § 2923.5 ..................................................................... 13

7.   THE COMPLAINT DOES NOT STATE A RESPA CLAIM ...................... 14

8.   THE COMPLAINT DOES NOT STATE CLAIMS FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.* ............................................................................................... 15

    A.   The Claims Are Preempted ................................................. 15

    B.   The Claims Lack The Required Particularity ...................................... 16

    C.   The First Cause of Action Is Time-Barred ......................................... 17

9.   PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL ...................... 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

  A. Plaintiff's Failure To Tender Her Outstanding Indebtedness Precludes  Equitable Relief .................................................................. 17

  B. Declaratory Relief Is Not An Independent Cause Of Action ............. 19

  C. Each Equitable Claim Lacks Any Basis For Granting Relief ............ 19

10. CONCLUSION ........................................................................................... 20

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ahmed v. Wells Fargo Bank*,
    2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ..................................... 8

*Aleem v. Bank of Am.*,
    2010 U.S. Dist. LEXIS 11944 (C.D. Cal. Feb. 9, 2010) ................................... 12

*Amaral v. Wachovia Mortg. Corp.*,
    692 F. Supp. 2d 1226 (E.D. Cal. 2010) ........................................................... 8

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) .................................................................................... 14

*Bridgeman, Jr. v. United States of America*,
    2011 U.S. Dist. Lexis 6059 (E.D. Cal. Jan. 21, 2011) ..................................... 19

*Cabanilla v. Wachovia Mortg.*,
    2012 U.S. Dist. LEXIS 39270 (C.D. Cal. Mar. 20, 2012) ................................ 13

*Collins v. Power Default Services, Inc.*,
    2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) ................................... 18

*Curcio v. Wachovia Mortg. Corp.*,
    2009 U.S. Dist. LEXIS 96155 (S.D. Cal. Oct. 14, 2009)............................4, 7, 8

*DeLeon v. Wells Fargo Bank, N.A.*,
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................ 2

*Do v. Wells Fargo Bank, N.A.*,
    Case No. CV 12-5645 PA (C.D. Cal. Aug. 27, 2012) .........................................7

*Domnie v. Saxon Mortgage*,
    2010 U.S. Dist. LEXIS 76816 (N.D. Cal. July 14, 2010) ................................. 12

*Escobedo v. Countrywide Home Loans, Inc.*,
    2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)................................ 12

*Fortaleza v. PNC Fin. Servs. Group, Inc.*,
    642 F. Supp. 2d 1012 (N.D. Cal. 2009) ........................................................... 12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i

*Glen Holly Entm't, Inc. vs. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1999)..................................................................9

*Gonzalez v. First Franklin Loan Services*,
   2010 U.S. Dist. LEXIS 1657 (E.D. Cal. Jan. 11, 2010)............................... 11, 13

*Guerrero v. Greenpoint Mortg. Funding*,
   2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010).......................................18

*Guerrero v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010).............................. 2, 7

*Haggarty v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 9962 (N.D. Cal. Feb. 2, 2011).........................................2

*Hoffman v. Bank of America, N.A.*,
   2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) ............................ 11, 12

*Jelsing v. MIT Lending*,
   2010 U.S. Dist. Lexis 68515 (S.D. Cal. July 9, 2010) ........................... 14, 18, 19

*Lane v. Vitek Real Estate Indus. Group*,
   713 F. Supp. 2d 1092 (E.D. Cal. 2010)...............................................................19

*Molina v. Wash. Mut. Bank*,
   2010 U.S. Dist. LEXIS 8056 (S.D. Cal. Jan. 29, 2010) .......................................14

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ................................................................................9

*Nguyen v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 113246 (N.D. Cal. October 25, 2010)...............8, 16, 18

*Santos v. Countrywide Home Loans*,
   2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) ..................................19

*Silvas v. E*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008)......................................................................passim

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 (N.D. Cal. December 7, 2009) ...........................7

*Ungerleider v. Bank of America Corp.*,
   2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) ................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Velasquez v. Chase Home Finance LLC,*
   2010 U.S. Dist. LEXIS 82065 (N.D. Cal. 2010) .................................................. 11

*Villa v. Wells Fargo Bank, N.A.,*
   2010 U.S. Dist. LEXIS 23741 (S.D. Cal. March 15, 2010) ........................ 11, 12

*Winding v. Cal-Western Reconveyance Corp.,*
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011) ...................................... 8

*Zendejas v. GMAC Wholesale Mortg. Corp.,*
   2010 U.S. Dist. LEXIS 64903 (E.D. Cal. June 16, 2010) ................................. 12

**STATE CASES**

*Aguilar v. Bocci,*
   39 Cal. App. 3d 475 (1974) ............................................................................. 18

*Burns v. Hiatt,*
   149 Cal. 617 (1906) ......................................................................................... 18

*Covenant Care, Inc. v. Superior Court,*
   32 Cal. 4th 771 (2004) ..................................................................................... 16

*FPCI Re-Hab 01 v. E & G Invs.,*
   207 Cal. App. 3d 1018 (1989) ........................................................ 5, 11, 12, 17

*Khoury v. Maly's, Inc.,*
   14 Cal. App. 4th 612 (1993) ............................................................................ 16

*Kovich v. Paseo Del Mar Homeowners' Ass'n,*
   41 Cal. App. 4th 863 (1996) ............................................................................ 10

*Lopez v. World Sav. & Loan Ass'n,*
   105 Cal. App. 4th 729 (2003) ............................................................................ 3

*McElroy v. Chase Manhattan Mortg. Corp.,*
   134 Cal. App. 4th 388 (2005) .......................................................................... 18

*Miller v. Provost,*
   26 Cal. App. 4th 1703 (1994) .......................................................................... 17

*Nguyen v. Calhoun,*
   105 Cal. App. 4th 428 (2003) .......................................................................... 18

*Nymark v. Heart Fed. Sav. & Loan Assn.*,
   231 Cal. App. 3d 1089 (1991) .......................................................... 11

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*,
   157 Cal. App. 4th 835 (2007) .......................................................... 10

*Pasadena Live, LLC v. City of Pasadena*,
   114 Cal. App. 4th 1089 (2004) ........................................................ 13

*Sipe v. McKenna*,
   88 Cal. App. 2d 1001 (1948) ........................................................... 17

*Weiss v. Washington Mutual Bank*,
   147 Cal. App. 4th 72 (2007) ............................................................. 3

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ........................................................... 9

**FEDERAL STATUTES**

12 U.S.C. § 2605(f)(1)(B) ................................................................... 14

**STATE STATUTES**

Cal. Bus. & Prof. Code § 2923.5 ................................................... 13, 14

Cal. Bus. & Prof. Code § 17200 ......................................... 4, 15, 16, 17

Cal. Bus. & Prof. Code §§ 17200 and 17500 ................................... 15

Cal. Bus. & Prof. Code § 17208 ....................................................... 17

Cal. Civ. Code § 2923.5(a)(2) ............................................................. 5

**RULES**

Fed. R. Civ. P. 9(b) ...................................................................... 9, 17

**REGULATIONS**

12 C.F.R. § 545.2 ................................................................................ 3

12 C.F.R. § 560.2 ..................................................................... 3, 4, 8

12 C.F.R. § 560.2(b) ................................................................... passim

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12 C.F.R. §§ 560.2(b)(4), (9) and (10) .......................................................... 3, 5, 8, 16

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .......................................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action represents Plaintiff's last-ditch effort to avoid the consequences of her years-long, admitted default on the mortgage loan she received in 2007 from Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo").[1]

This motion explains why the complaint fails to state any claim on which relief may be granted. Each claim is preempted by regulations promulgated under the federal Home Owners' Loan Act (HOLA). Even if the claims were not preempted, they are unauthorized under California law for the many reasons explained below. Therefore, Wells Fargo asks the Court to dismiss the complaint under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

**The Mortgage Loan**. Plaintiff has been a licensed real estate salesperson since 1989. *See* RJN, Ex. K (Dep't of Real Estate ID #01047112). In December 2007, she obtained from World Savings Bank (Wells Fargo's predecessor in interest) a $860,000 loan for a property in Walnut, California. The loan was memorialized in a signed note and secured by a signed deed of trust. RJN, Exs. F and G. The deed of trust identifies "World Savings Bank, FSB, its successors and assignees" as the beneficiary. RJN, Ex. F at 1-2 (Article I(C) and (H)). Similarly, the note identifies "World Savings Bank, FSB, a federal savings bank, its successors and assignees" as the lender. RJN, Ex. G at 1.

---

[1]  Wells Fargo Bank is essentially the successor to World Savings Bank, the entity from whom Plaintiff obtained her 2007 mortgage loan. This chain of corporate succession is more fully explained in Section 3, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**Plaintiff's Default On The Loan**. In or about March 2009, Plaintiff defaulted on the loan. *See* RJN, Ex. H at 2 (referencing failure to make March 1, 2009 payment). As a result, a notice of default was recorded on July 30, 2009. *Id.* (noting Plaintiff over $21,000 in arrears on her payments). Wells Fargo held off on foreclosure but, after nearly two years, it could wait no longer: a notice of sale was recorded on May 6, 2011 and on May 21, 2012. *See* RJN, Exs. I and J. By that time, the total amount owed (unpaid principal and interest, expenses such as property tax payments, foreclosure costs, etc.) totaled over $1.05 million. *See id.*

### 3. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY HOLA

#### A. At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA

When Plaintiff took out her loan in 2007, World Savings Bank was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs. A and C. World changed its name to Wachovia Mortgage, FSB on December 31, 2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until recently known as Wachovia Mortgage (RJN, Ex. E).[2] The deed of trust for the subject property

---

[2]  HOLA applies even though successor Wells Fargo Bank is not chartered as a federal savings bank. *See Haggarty v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 9962 at *11 (N.D. Cal. Feb. 2, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("[T]he same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010). "Where a national association . . . acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA." *Id.* This is because, as the *Guerrero* court indicated, in a merger the surviving entity succeeds to the rights of the prior entity. *Id.*; *cf. Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-5 (9th Cir. 2008) ("[a]ny doubt should be resolved in favor of preemption") (quotations omitted).

1 expressly states that it and the note are "governed by and construed under federal

2 law." RJN, Ex. F ¶ 15.

3 **B.** **OTS Regulations Promulgated Under HOLA Preempt Any State Laws**

4   **that Affect Lending**

5   Through its regulatory authority, the OTS "occupies the entire field of

6 lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS

7 regulations issued pursuant to HOLA are "intended to preempt all state laws

8 purporting to regulate any aspect of the lending operations of a federally chartered

9 savings association, whether or not OTS has adopted a regulation governing the

10 precise subject of the state provision."  *Lopez v. World Sav. & Loan Ass'n*, 105

11 Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

12   As the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)

13 instructs, preemption analysis under HOLA is simple.  Step one determines

14 whether the type of state law at issue appears on the list set forth in 12 C.F.R.

15 § 560.2(b), which lists the types of state laws that HOLA preempts.  If the type of

16 state law in question appears on the list, the analysis ends there and the law is

17 preempted; there is no step two.  As the Ninth Circuit observed in *Silvas*, 514 F.3d

18 at 1004-05, the OTS's construction of its own regulation 560.2 "must be given

19 controlling weight."  The court went on to declare that any presumption against

20 preemption of state law does not apply to HOLA, and that any doubt should be

21 resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App.

22 4th 72, 76-77 (2007) (holding that state common law claims including fraud and

23 unfair completion, based on pre-payment penalties, were barred by HOLA).

24 **C.** **State Laws Preempted by HOLA**

25   The *Silvas* court described the HOLA regulations as "so pervasive as to

26 leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004-05 (internal

27 quotation omitted). Among those regulations are 12 C.F.R. § 560.2(b)(4), (9) and

28 (10), which preempt state laws that "would impose requirements on federal savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

banks" regarding (emphasis added):

> The *terms of credit*, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;

> *Disclosure* and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;

> *Processing, origination, servicing*, *sale or purchase of*, or *investment or participation in, mortgages*; . . . .

"As outlined by OTS, the first step is to determine if [the law], as applied, is a type of state law contemplated in the list under paragraph (b) of 12 C.F.R. § 560.2. If it is, the preemption analysis ends." *Silvas*, 514 F.3d at 1006; *see also id.* at 1005 n.1 ("This construction . . . by the OTS must be given controlling weight"). In performing this analysis, the issue is not whether the claim for relief usually or always falls within Section 560.2(b), but whether it does so *as applied* in the case at hand. *See, e.g., Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 96155, at **15-16 (S.D. Cal. Oct. 14, 2009); *Silvas*, 514 F.3d at 1006 (finding Bus. & Prof. Code § 17200 preempted "as applied in this case.")

**D.     HOLA Preempts Plaintiff's Claims**

The complaint in this action alleges several categories of supposed misconduct by Wells Fargo. First, it alleges that the terms of the loan were deceptive or improper, that Wells Fargo failed to adequately disclose those terms,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   and that the origination of the loan was otherwise defective or improperly

2   marketed. *See, e.g.,* Compl. ¶¶ 23-24, 32, 54, 67-69, 117, 127.  However, HOLA

3   regulation 12 C.F.R. §§ 560.2(b)(4), (9) and (10) preempt claims based on the

4   "terms of credit," the lender's "disclosure and advertising" (i.e., marketing), and

5   the "origination" of the loan.

6       Second, the complaint alleges that Wells Fargo wrongfully failed to modify

7   or consider Plaintiff's request to modify the loan. *See* Compl. ¶¶ 40, 45, 107.

8   HOLA regulation 12 C.F.R. § 560.2(b)(10) encompasses claims based on the

9   "processing [or] servicing" of a loan, while 12 C.F.R. § 560.2(b)(4) encompasses

10  claims pertaining to foreclosure ("the circumstances under which a loan may be

11  called due and payable upon the passage of time") and modification ("adjustments

12  to the interest rate, balance, payments due, or term to maturity of the loan").

13      Third, the complaint alleges that Wells Fargo failed to comply with certain

14  foreclosure procedures, including a pre-foreclosure disclosure pursuant to Civil

15  Code § 2923.5. *See* Compl. ¶¶ 54, 56, 75-83, 134. HOLA regulation 12 C.F.R.

16  § 560.2(b)(4) preempts claims pertaining to foreclosure (i.e., "the circumstances

17  under which a loan may be called due and payable upon the passage of time or a

18  specified event external to the loan"). Here, Section 2923.5(a)(2) purports to add

19  an additional requirement, the pre-foreclosure disclosure and "assessment," to the

20  loan's terms regarding foreclosure. Moreover, the statute imposes disclosure

21  requirements on Wells Fargo, thereby falling within the scope of 12 C.F.R.

22  § 560.2(b)(9) ("disclosure") and (10) (the "servicing" of the loan).

23      The *Silvas* court made clear what happens when the allegations in a

24  complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b):  "If

25  so, the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

26  Here, every material basis of Plaintiff's claims is preempted by HOLA regulations,

27  and therefore those claims are as well.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**E.    Numerous Courts Have Recognized That HOLA Preempts Claims Such As Those Asserted Here**

A long and growing list of federal courts have determined that claims such as those at issue in this case are preempted by HOLA. Just two months ago, this Court dismissed a similar case after finding that the claims were preempted:

> The FAC alleges that Wells Fargo rescinded the notice of default and did not send a certified letter as required by Civil Code § 2923.5(g)(3), thereby rendering the subsequent foreclosure void. However, HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to "the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan," while 12 C.F.R. § 560.2(b)(10) encompasses claims based on a loan's "processing [or] servicing," such as a bank's actions in preparing a foreclosure. Next, the FAC alleges that someone at Wells Fargo agreed to modify Plaintiff's loan . . . HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses claims pertaining to "adjustments to the interest rate, balance, payments due, or term to maturity of the loan" (i.e., loan modifications). Moreover, HOLA regulation 12 C.F.R. § 560.2(b)(10) covers claims based on a loan's "processing [or] servicing," which would include a bank's consideration of a request for a loan modification. Finally, the FAC alleges that someone at Wells Fargo told Plaintiff that the foreclosure sale had been postponed. However, HOLA regulation 12 C.F.R. §§ 560.2(b)(4) covers the "terms of credit, including . . . . the circumstances under which a loan may be called due and payable upon the passage of time" (i.e., foreclosure), and 12

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  C.F.R. §§ 560.2(b)(10) covers the "processing [or] servicing"

2  of the loan, such as queries regarding foreclosure.

3    Like the other courts that have addressed the issue, this

4  Court concludes that Plaintiff's state law claims are preempted

5  by HOLA. [citations omitted] The Court therefore dismisses

6  Plaintiff's claims with prejudice.

7  Order (Dkt. #27) in *Do v. Wells Fargo Bank, N.A.,* Case No. CV 12-5645

8  PA (AGRx), (C.D. Cal. Aug. 27, 2012). The *Do* Order is attached as Exhibit L to

9  the RJN. The Court should likewise dismiss this action with prejudice.

10  As recently stated in *Stefan v. Wachovia, World Savings,* 2009 U.S. Dist.

11  LEXIS 113480, at *8-9 (N.D. Cal. December 7, 2009) (emphasis added):

12  The relief Plaintiff seeks under state tort and contract laws are

13  of general applicability and do not explicitly regulate lending

14  activities.  To the extent that these state laws are applicable to

15  the *foreclosure process or the loan agreement itself*, they are

16  expressly preempted by section 560.2(b). Specifically,

17  *Plaintiff's claims of misconduct surrounding the foreclosure*

18  *proceedings clearly fall under the preemption provisions for*

19  *"processing, origination, sale or purchase of ... mortgages"*

20  *and "disclosure," Id.* (emphasis added).

21  In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 at *4

22  (C.D. Cal. Sept. 14, 2010), the plaintiff contended that Wells Fargo falsely

23  promised that it had canceled the foreclosure sale while it considered the plaintiff's

24  loan application. The *Guerrero* court dismissed the plaintiff's claims for, *inter alia*,

25  estoppel, breach of contract, fraud, and negligence because they "fall within the

26  purview of Section 560.2(b), as they attack Defendant's disclosure and initiation of

27  the foreclosure process." *Id.* at **9-10. The court in *Curcio v. Wachovia Mortg.*

28  *Corp.*, 2009 U.S. Dist. LEXIS 96155 at *16-*18 (S.D. Cal. Oct. 14, 2009)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   dismissed, with prejudice, claims that were based in part on Wells Fargo's alleged

2   refusal to modify the plaintiff's loan because: "each state Claim for Relief is

3   premised upon allegations regarding Defendant's lending obligations, including:

4   terms of credit, 12 C.F.R. § 560.2(b)(4); disclosure, *Id.* § 560.2(b)(9); 9 and

5   processing, origination, and servicing of mortgages, *Id.* § 560.2(b)(10). These

6   activities are matters committed by Congress to regulation by a federal agency."

7   *Curcio*, 2009 U.S. Dist. LEXIS 96155 at *17; *see also Amaral v. Wachovia Mortg.*

8   *Corp.*, 692 F. Supp. 2d 1226, 1238 (E.D. Cal. 2010) (finding claim based on

9   allegation that bank "made false representations with the intent to induce plaintiffs

10  to make monthly mortgage payments" to be preempted).

11      Moreover, courts have found that "claims of misconduct surrounding the

12  foreclosure proceedings fall under the preemption provisions for 'processing,

13  origination, sale or purchase of . . . mortgages' and 'disclosure.'" *Curcio*, 2009

14  U.S. Dist. LEXIS 96155 at *17-*18; *see also Nguyen v. Wells Fargo Bank, N.A.*,

15  2010 U.S. Dist. LEXIS 113246 at *14 (N.D. Cal. October 25, 2010).

16      Federal courts have also dismissed as preempted claims based on the oft-

17  raised argument that the lender lost its right to foreclose by selling or securitizing

18  the loan. In *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS

19  8962 (E.D. Cal. Jan. 24, 2011), the plaintiff argued that Wells Fargo lacked

20  authority to foreclose because it no longer possessed the note for the loan. *See id.*

21  at *15. The *Winding* court concluded that "section 560.2 preempts the complaint's

22  allegations as to misconduct surrounding foreclosure originating from negotiable

23  instrument issues. HOLA preemption further warrants dismissal of the complaint's

24  claims given that they address 'sale or purchase of . . . or participation in,

25  mortgages.'" *Id.* at *33-*34: *see also Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist.

26  LEXIS 49526 at *8-*9 (N.D. Cal. May 9, 2011) (dismissing claims based on

27  allegation that bank "did not possess the promissory note" or "are not the legal

28  owners of the note and Trust Deed.").

1   Accordingly, Wells Fargo respectfully requests that the Court grant this

2   motion to dismiss *without* leave to amend. Plaintiff cannot "plead around" the fact

3   that her complaint is based on matters preempted by federal regulations. Any

4   amendment would be futile.

5   ### 4.   THE COMPLAINT DOES NOT STATE A FRAUD CLAIM

6   The Fourth Cause of Action alleges fraud in the origination of Plaintiff's

7   2007 loan. Plaintiff – who, again, is a real estate professional -- claims some

8   unidentified "agent" of Wells Fargo promised her a fixed rate loan with a 7.650%

9   interest rate, while she received an adjustable rate loan with a then-estimated rate

10   of 7.703%. *See* Compl. ¶¶ 65-67. She also alleges that Wells Fargo "did not

11   disclose" that various features of the loan such as the finance charge, prepayment

12   penalty, etc. *See id.* ¶ 67.[3]

13   **A.   The Claim Lacks Particularity**

14   To state a fraud claim under California law, a plaintiff must allege: (i) a false

15   representation as to material fact, (ii) knowledge of its falsity, (iii) intent to

16   defraud, (iv) actual and justifiable reliance, and (v) resulting damage. *Wilhelm v.*

17   *Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). FRCP 9(b),

18   however, requires that fraud allegations be pled with particularity. *Glen Holly*, 100

19   F. Supp. 2d at 1093-1094. Rule 9(b) mandates the explicit identification of context.

20   "This means the who, what, when, where and how…." *Id.* at 1094. Vague or

21   conclusory allegations are insufficient to satisfy Rule 9(b)'s particularity

22   requirement. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th

23   Cir. 1989).

24   As against corporate defendants, Rule 9(b) requires plaintiffs to plead:

25

26   ───────────────

27   [3] Like much of the complaint, the allegation regarding the prepayment penalty is
provably false. The note does not contain any prepayment penalty, and expressly
28   acknowledges Plaintiff's right to prepay "without paying any prepayment charge."
RJN, Ex. G ¶ 5.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (1) the misrepresentation, (2) the speaker and her authority to speak, (3) when and

2   where the statements were made, (4) whether the statements were oral or written,

3   (5) if written, the documents containing the representations, and (6) the manner in

4   which the representations were allegedly false. *Ungerleider v. Bank of America*

5   *Corp.*, 2010 U.S. Dist. LEXIS 138294 at *12 (C.D. Cal. Dec. 27, 2010).

6         Here, the complaint does not disclose the "who, what, when, where and

7   how" of the alleged tortious conduct. The complaint makes no effort to identify

8   when these supposed misrepresentations took place, who made them and that

9   person's authority to bind Wells Fargo, whether the statements were written or

10   oral, etc.

**B.**    **The Claim Is Time-Barred**

12         Under CCP § 338(d), the statute of limitations for a fraud claim is three

13   years. Here, Plaintiff alleges a misrepresentation that took place prior to the

14   origination of the loan in December 2007. *See* Compl. ¶¶ 65-67. Therefore, the

15   fraud claim became time barred as of December 2010 – nearly two years before

16   Plaintiff filed this action.

**C.**    **The Complaint Fails To Establish A Duty of Disclosure**

18         The complaint in part alleges fraud by failure to disclose. *See* Compl. ¶ 67.

19   "[T]o establish fraud through nondisclosure or concealment of facts, it is necessary

20   to show the defendant 'was under a legal duty to disclose them.'" *OCM Principal*

21   *Opportunities Fund, L.P. v. CIBC World Markets Corp.,* 157 Cal. App. 4th 835,

22   846 (2007). "The general rule for liability for nondisclosure is that even if material

23   facts are known to one party and not the other, failure to disclose those facts is not

24   actionable fraud unless there is some fiduciary or confidential relationship giving

25   rise to a duty to disclose." *Kovich v. Paseo Del Mar Homeowners' Ass'n,* 41 Cal.

26   App. 4th 863, 866 (1996). However, "[a]s a general rule, 'a financial institution

27   owes no duty of care to a borrower when the institution's involvement in the loan

28   transaction does not exceed the scope of its conventional role as a mere lender of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   money.'" *Velasquez v. Chase Home Finance LLC*, 2010 U.S. Dist. LEXIS 82065,

2   at *5 (N.D. Cal. 2010) (quoting *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.

3   App. 3d 1089, 1096 (1991)); see also *Gonzalez v. First Franklin Loan Services*,

4   2010 U.S. Dist. LEXIS 1657, 2010 WL 144862 *8 (E.D. Cal. Jan. 11, 2010)

5   (same); *Nymark*, 231 Cal. App. 3d at 1092 ("[A] financial institution acting within

6   the scope of its conventional activities as a lender of money owes no duty of care

7   to a borrower in preparing an appraisal of the security for a loan when the purpose

8   of the appraisal simply is to protect the lender by satisfying it that the collateral

9   provides adequate security for the loan").

10   Here, Wells Fargo was acting in its traditional role as a lender in originating

11   the loan, as opposed to acting as an investment advisor or joint venturer. *See, e.g.,*

12   RJN, Exs. F and G (standard loan agreements). Therefore, Wells Fargo owed

13   Plaintiff no duty of disclosure, and the fraud claim fails to state a valid cause of

14   action.

15   **5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF**

16   **IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

17   The Seventh Cause of Action alleges that Wells Fargo "breached the implied

18   covenant of good faith and fair dealing [when it] did not provide Plaintiff a

19   permanent loan modification under HAMP." Compl. ¶ 107. The HAMP contract is

20   an agreement between the federal government and participating lenders.

21   The implied covenant claim fails. Federal courts have recognized that

22   borrowers have no legally enforceable right to a loan modification under HAMP.

23   "[L]enders are not required to make loan modifications for borrowers that qualify

24   under HAMP nor does the servicer's agreement confer an enforceable right on the

25   borrower." *Hoffman v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at

26   *15 (N.D. Cal. June 30, 2010) (citing cases; construing *Wells Fargo's* HAMP

27   agreement); *see also Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS

28   23741, at **6-7 (S.D. Cal. March 15, 2010). This holding is based on the common-

1   sense ground that:

2          As many of the courts have recognized, it would be

3          unreasonable for a qualified borrower seeking a loan

4          modification to rely on the HAMP servicer's agreement as

5          granting him enforceable rights since the agreement does not

6          actually require that the servicer to modify all eligible loans,

7          nor does any of the other language of the contract demonstrate

8          that the borrowers are intended beneficiaries.

9   *Hoffman*, 2010 U.S. Dist. LEXIS 70455 at *10 (emphasis added).

10       Understandably, therefore, "numerous district courts have interpreted

11   identical HAMP agreements and have come to the conclusion that a borrower is

12   not a third party beneficiary." *Id.* (citing cases). Numerous courts have also ruled

13   that a borrower does not have standing to sue its lender for alleged violation of the

14   lender's HAMP agreement.[4]

15       These authorities spell doom for Plaintiff's implied covenant claim, for at

16   least two reasons. First, one element of the claim is an existing contract between

17   the parties. *See Fortaleza v. PNC Fin. Servs.  Group, Inc.,* 642 F. Supp. 2d 1012,

18   1021-22 (N.D. Cal. 2009) (citing *Racine & Laramie v. Dep't  of Parks & Rec.,* 11

19   Cal. App. 4th 1026, 1031 (1992)). Plaintiff cannot allege that element because, as a

20   matter of law, she is neither a party nor a third party beneficiary of the HAMP

21   agreement. Second, the "implied covenant of good faith and fair dealing is limited

22   to assuring compliance with the express terms of the contract, and cannot be

23   

24   [4] *See, e.g., Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, at**8-10 (C.D.

25   Cal. Feb. 9, 2010); *Villa*, 2010 U.S. Dist. LEXIS 23741, at **5-7; *Escobedo v.

26   Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017 at *4-5 (S.D. Cal.
Dec. 15, 2009); *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 U.S. Dist.

27   LEXIS 64903, at *9 (E.D. Cal. June 16, 2010); *Domnie v. Saxon Mortgage*, 2010

28   U.S. Dist. LEXIS 76816, at *5 (N.D. Cal. July 14, 2010).

1   extended to create obligations not contemplated by the contract*." Pasadena Live,*

2   *LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004). Here, courts

3   have recognized that the express terms of the HAMP agreement do not require the

4   lender to modify a loan. Therefore, Plaintiff may not attempt to assert an implied

5   covenant requiring Wells Fargo to do what the express terms of the agreement do

6   not require Wells Fargo to do.

7   **6.   THE COMPLAINT DOES NOT STATE A CLAIM TO "SET ASIDE**

8   **PENDING FORECLOSURE SALE" DUE TO VIOLATION OF CIVIL**

9   **CODE § 2923.5**

10   The Fifth Cause of Action rests on the assertion that Wells Fargo did not

11   contact Plaintiff as required by Civil Code § 2923.5. *See* Compl. ¶¶ 77-80. This

12   claim fails for at least three reasons. First, Section 2923.5 does not apply to

13   Plaintiff's loan. Section 2923.5(i) states that "This section shall apply only to

14   mortgages or deeds of trust recorded from January 1, 2003 to *December 30, 2007*,

15   inclusive . . ." (emphasis added). Plaintiff's deed of trust was recorded on *January*

16   *2, 2008*, outside the scope of the statute. *See* RJN, Ex. F at 1.

17   Second, numerous federal courts have held that claims based on Section

18   2923.5 are preempted by HOLA. *See* Section 3.E., *supra.* Third, the Court may

19   take judicial notice that the notice of default contains a declaration attesting that

20   Wells Fargo did contact Plaintiff as required by the statute. *See* RJN, Ex. H. As

21   other federal courts in this district have found, "[t]his declaration is sufficient to

22   establish that [Wells Fargo] has met its obligations under § 2923.5." *Cabanilla v.*

23   *Wachovia Mortg.*, 2012 U.S. Dist. LEXIS 39270 at *12-*13 (citing cases)

24   (dismissing claim with prejudice). This Court should reject her conclusory

25   allegation and likewise dismiss the Fifth Cause of Action.

26   Finally, the complaint fails to allege *facts* showing she suffered damages or

27   any other adverse impact due to the supposed lack of contact. Again, Plaintiff has

28   been in default for over three years, and she acknowledges that, beginning in 2009,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Case No.:  2:12-cv-09661-PA-RZx
MEMORANDUM OF POINTS & AUTHORITIES

1   she and Wells Fargo have had literally dozens of communications regarding

2   "workout options" and a loan modification. *See* Compl. ¶¶ 17, 104. The notion that

3   (another) Section 2923.5 telephone call by Wells Fargo would have allowed her to

4   avoid foreclosure is both unsupported by any factual allegations and thoroughly

5   implausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (court may

6   ignore implausible, conclusory allegations in ruling on motion to dismiss).

7       **7.   THE COMPLAINT DOES NOT STATE A RESPA CLAIM**

8       The Sixth Cause of Action alleges that Wells Fargo violated RESPA by

9   failing to respond to a Qualified Written Request (QWR) sent by her attorney in

10  August 2012 (that is, *three-and-a-half years* after she defaulted on her loan).

11  Compl. ¶¶ 89-92. Another California federal court disposed of a similar claim as

12  follows:

13          "Numerous courts have read Section 2605 as requiring a

14          showing of pecuniary damages in order to state a claim."

15          *Molina v. Wash. Mut. Bank,* No. 09cv894, 2010 U.S. Dist.

16          LEXIS 8056, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010)

17          (listing cases). Here, Plaintiffs only allege they "were harmed

18          and were unable to evaluate the Loans or correct their account."

19          This conclusory allegation is not enough and fails to adequately

20          plead damages.

21          Plaintiffs also seek statutory damages for the alleged RESPA

22          violations. But statutory damages are only available for a

23          'pattern or practice of [RESPA] noncompliance.' *See* 12 U.S.C.

24          § 2605(f)(1)(B). Plaintiffs have not alleged a pattern or practice,

25          and their RESPA claim is *DISMISSED without prejudice*.

26  *Jelsing v. MIT Lend.*, 2010 U.S. Dist. Lexis 68515, *4-*5 (S.D. Cal. July 9, 2010).

27      This Court should dismiss Plaintiff's RESPA claim on the same grounds.

28  Plaintiff does not plead facts showing that she was damaged by Wells Fargo's

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

failure to respond to the QWR. But the Court should dismiss the RESPA claim with prejudice. Plaintiff has been in default for over three-and-a-half years. Sending the QWR was an obvious litigation set-up, designed to create a basis on which to prevent Wells Fargo's well-deserved foreclosure. She suffered no damaged due to Wells Fargo's supposed failure to respond.

**8.  THE COMPLAINT DOES NOT STATE CLAIMS FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

The First through Third Causes of Action assert claims for violation of Bus. & Prof. Code § 17200 *et seq.* ("Section 17200"). The First Cause of Action is based on the origination of the loan, the Second Cause of Action is based on the "loan servicing," and the Third Cause of Action is based on "the foreclosure process." *See* Compl. at 6, 9, 13.  These claims each fail. .

**A.  The Claims Are Preempted**

As more fully discussed in Section 3, *supra,* each of the Section 17200 claims is preempted by HOLA. The *Silva* case is right on point. The plaintiffs in *Silvas* alleged that the lender made "misrepresentations" in its advertising to borrowers, thereby violating Business & Professions Code §§ 17200 and 17500. *Id.* at 1003 (also characterizing the material as a "false statement"), 1006. Nevertheless, the Ninth Circuit ruled that these claims were entirely preempted by HOLA regulations:

> Here, Appellants allege that E*TRADE violated *UCL § 17500* by including false information on its website and in every media advertisement to the California public. Because this claim is entirely based on E*TRADE's *disclosures and advertising*, it falls within the specific type of law listed in *§ 560.2(b)(9)*. Therefore, the preemption analysis ends. *UCL § 17500* as applied in this case is preempted by federal law.
>
> . . .

Anglin Flewelling Rasmussen Campbell & Trytten llp

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      Appellants allege E\*TRADE's practice of misrepresenting

2      consumers' legal rights in advertisements and other documents

3      is contrary to the policy of California and thus violates *UCL §*

4      *17200.* This claim, similar to the claim under *§ 17500*, fits

5      within *§ 560.2(b)(9)* because the alleged misrepresentation is

6      contained in advertising and disclosure documents.

7  *Silvas*, 514 F.3d at 1006 (footnote omitted, emphasis in original).

8      As the quoted passage indicates, because the *subject matter* of the Silvas'

9  claims fell within one of the categories listed in 12 C.F.R. § 560.2(b), the *Silvas*

10  court held that those claims alleging pervasive misrepresentations were preempted.

11      Here, there can be no dispute that the subject matter of Plaintiff's Section

12  17200 claims fall within one or more categories of 12 C.F.R. § 560.2(b).

13  Regulation 12 C.F.R. §§ 560.2(b)(4) and (10) encompass claims based on the

14  "terms of credit" and the "origination" of the loan, and therefore preempt the First

15  Cause of Action. *See* Compl. at 6 (claim based on "loan origination" and

16  challenging "deceptive terms" and "predatory nature" of loan). Regulation 12

17  C.F.R. § 560.2(b)(4) and (10) encompass claims based on the "adjustments to the

18  interest rate, balance, payments due, or term to maturity of the loan" (i.e.,

19  modification) and the "servicing" of a loan, and therefore preempt the Second

20  Cause of Action. *See* Compl. at 9, 11 (claim based on "loan servicing" and alleging

21  wrongful failure to modify loan). And regulation 12 C.F.R. § 560.2(b)(4) covers

22  claims based on "the circumstances under which a loan may be called due and

23  payable upon the passage of time" (i.e., foreclosure), and therefore preempts the

24  Third Cause of Action. *See* Compl. at 13 (claim based on "foreclosure process").

25  **B.**    **The Claims Lack The Required Particularity**

26      A Section 17200 claim must state the facts supporting the alleged violation

27  with reasonable particularity. *Khoury v. Maly's, Inc.,* 14 Cal. App. 4th 612, 619

28  (1993); *Nguyen*, 2010 U.S. Dist. LEXIS 113246 at \*42; *Covenant Care, Inc. v.*

*Superior Court*, 32 Cal. 4th 771, 790 (2004) ("statutory causes of action must be pleaded with particularity"). Moreover, to heavy the extent the Section 17200 claims rely on allegations of fraud, they must comply with the particularity requirement of FRCP 9(b). *See, e.g.,* Compl. ¶¶ 31, 45, 58 (alleging deception, fraud or misrepresentation). Here, however, the claims rely on vague, boilerplate allegations of wrongdoing. *See* Compl. ¶¶ 23-2432, 45, 58. They do not disclose the required "who, what, when, where and how" of each instance of fraud.

**C.**   **The First Cause of Action Is Time-Barred**

The statute of limitations for a Section 17200 claim is four years. *See* Bus. & Prof. Code § 17208. Therefore, the First Cause of Action based on events taking place during the 2007 origination of the loan became time-barred as of December 2011.

**9.**   **PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL**

The Fifth, Eighth, Ninth and Tenth Causes of Action seek various forms of equitable relief: "setting aside" of a future trustee's sale, cancellation of the loan agreements, quieting title in Plaintiff's favor (and stripping Wells Fargo of all interest in the property), a declaration that Wells Fargo has no interest in the property, and, in the Prayer for Relief, an injunction preventing Wells Fargo from, at long last, foreclosing on the property. Each claim is fatally defective.

**A.**   **Plaintiff's Failure To Tender Her Outstanding Indebtedness Precludes Equitable Relief**

A debtor seeking an injunction or other equitable relief must tender her outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018, 1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted."). A mortgagor may not maintain a quiet title action against the mortgagee without first paying the outstanding debt on which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt,

2   quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477

3   (1974) ("The cloud upon…title persists until the debt is paid").  Indeed, equitable

4   principles mandate that when a mortgagor seeks to quiet title as to a mortgagee

5   without first discharging her contractual obligations, such action should be

6   conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*,

7   149 Cal. 617, 621-22 (1906). This "tender rule" also applies to claims for

8   cancellation of instruments. *See Jelsing v. MIT Lending,* 2010 U.S. Dist. Lexis

9   38515 at *15 (S.D. Cal. July 9, 2010).

10   "The rules which govern tenders are strict and are strictly applied." *Nguyen*

11   *v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege

12   such a tender does not state a claim for relief under California law. *McElroy v.*

13   *Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

14   Numerous federal courts have applied the tender rule in dismissing lawsuits

15   such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *31-36

16   (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS

17   3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases).

18   "The application of the 'tender rule' prevents 'a court from uselessly setting aside a

19   foreclosure sale on a technical ground when the party making the challenge has not

20   established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS

21   113246, at *32. The Ninth Circuit has also recognized and enforced this "tender

22   rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617,

23   at *3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for

24   'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous

25   tender of the debt owed on the mortgage.")

26   Here, Plaintiff has not alleged that she tendered her outstanding debt, and

27   her longstanding default makes clear that she has not done so. Therefore, her Fifth,

28

1   Eighth, Ninth, and Tenth Causes of Action fail to state claims on which relief may

2   be granted under California law.

3   **B.    Declaratory Relief Is Not An Independent Cause Of Action**

4          As numerous federal courts have held, injunctive and declaratory relief are

5   remedies, not independent causes of action. *See Bridgeman, Jr. v. United States of*

6   *America*, 2011 U.S. Dist. Lexis 6059 at *59-*60 (E.D. Cal. Jan. 21, 2011) (citing

7   cases);  *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, 2009

8   WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are

9   not independent claims, rather they are forms of relief.") *Lane v. Vitek Real Estate*

10  *Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (same). Similarly, a

11  claim for cancellation of instruments "is really a claim for rescission . . . [a]nd

12  rescission is a remedy, not an independent cause of action." *Jelsing*, 2010 U.S.

13  Dist. Lexis 38515, at *15. Therefore, the Tenth Cause of Action does not state any

14  claims for relief.

15  **C.    Each Equitable Claim Lacks Any Basis For Granting Relief**

16         Each equitable claim is based on the allegations of the prior claims. As

17  demonstrated elsewhere in this brief, those other claims fail to state any basis for

18  relief. Therefore, the equitable claims likewise fail to establish a basis for equitable

19  relief.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**10.  <u>CONCLUSION</u>**

For each of the foregoing reasons, Wells Fargo requests that the Court grant this motion to dismiss without leave to amend.

Respectfully submitted,

Dated:  November 16, 2012          ANGLIN, FLEWELLING, RASMUSSEN,
                                                       CAMPBELL & TRYTTEN LLP


By:  _____/s/ Viddell Lee Heard_____
            Viddell Lee Heard
            vheard@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB
("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| **Served Electronically Via the Court's CM/ECF System** | **Served Electronically Via the Court's CM/ECF System** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for* |
| September J. Katje, Esq.<br>Consumer Litigation Law Center, APC<br>100 North Barranca Ave., Ste. 700<br>West Covina, CA 91791 | Cal-Western Reconveyance Corporation<br>Robin P. Wright, Esq.<br>Helen Cayton, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, #280<br>Newport Beach, CA 92660 |
| rr@consumerlitigationlawcenter.com<br>km@consumerlitigationlawcenter.com<br>ld@consumerlitigationlawcenter.com | rwright@wrightlegal.net<br>hcayton@wrightlegal.net |
| Tel: 800.787.5616<br>Fax: 888.909.7947 | Tel: (949) 477-5050<br>Fax: (949) 477-9200 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on November 16, 2012.

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP