Viddell Lee Heard (# 175049)
  vheard@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel:  (626) 535-1900 | Fax:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB ("Wells
Fargo")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., successor by merger to WELLS FARGO BANK SOUTHWEST, N.A., f/k/a WORLD SAVINGS BANK, FSB; CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-09661-PA (RZx)<br><br>**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed with separate Request For Judicial Notice]<br><br>Date:         January 21, 2013<br>Time:        1:30 p.m.<br>Ctrm:       15<br><br>[Assigned to the Hon. Percy Anderson, Dept. 15] |

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on January 21, 2013, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 15 of the above-entitled Court located at 312 North Spring Street Los Angeles, CA 90012, Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the operative First Amended Complaint (FAC). The grounds for this motion to dismiss, brought pursuant to Federal Rules of Civil Procedure 12(b)(6), are:

First Claim for Relief:  Unfair or Deceptive Business Practices in Loan Origination

The FAC fails to state a claim because: (i) the claim is preempted by the Home Owners' Loan Act (HOLA); (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is time-barred; and (iv) the claim is not plead with adequacy or particularity.

Second Claim for Relief:  Unfair and Deceptive Business Practices in Loan Servicing

The FAC fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is time-barred; and (iv) the claim is not plead with adequacy or particularity.

Third Claim for Relief:  Unfair and Deceptive Business Practices in Foreclosure Process

The FAC fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is time-barred; and (iv) the claim is not plead with adequacy or particularity.

Fourth Claim for Relief:  Fraud in Loan Origination

The c FAC fails to state a claim because: (i) the claim is preempted by HOLA; (ii) the FAC fails to allege a factual or legal basis for the claim; and

1   (iii) the claim is not plead with adequacy or particularity.

2       Fifth Claim for Relief:  Breach of the Implied Covenant of Good Faith and

3   Fair Dealing

4       The FAC fails to state a claim because: (i) the claim is preempted by HOLA;

5   (ii) the FAC fails to allege a factual or legal basis for the claim; and (iii) the claim

6   is not plead with adequacy or particularity.

7       Sixth Claim for Relief: Cancellation of Void Contract and Restitution

8       The FAC fails to state a claim because: (i) the claim is preempted by HOLA;

9   (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is

10   not plead with adequacy or particularity; and (iv) Plaintiff has not tendered her

11   outstanding indebtedness.

12       Seventh Claim for Relief: Quiet Title

13       The FAC fails to state a claim because: (i) the claim is preempted by HOLA;

14   (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is

15   not plead with adequacy or particularity; and (iv) Plaintiff has not tendered her

16   outstanding indebtedness.

17       Eighth Claim for Relief: Declaratory Relief

18       The FAC fails to state a claim because: (i) the claim is preempted by HOLA;

19   (ii) the FAC fails to allege a factual or legal basis for the claim; (iii) the claim is

20   not plead with adequacy or particularity; (iv) Plaintiff has not tendered her

21   outstanding indebtedness; and (v) declaratory relief is not an independent cause of

22   action.

23       This motion is based on this notice of motion and motion, the attached

24   memorandum of points and authorities, the accompanying request for judicial

25   notice and exhibits thereto, the documents on file in this action, the argument of

26   counsel, and on such other information as the Court may deem appropriate.

27       **Compliance with Local Rule 7-3**. On December 12, 2012 (the day after

28   Wells Fargo actually received the FAC), Wells Fargo's counsel emailed Plaintiff's

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  counsel requesting a meet-and-confer. In November, Wells Fargo's counsel sent a

2  letter that described the grounds on which Wells Fargo would move to dismiss the

3  original complaint and to strike certain portions thereof; and, having received no

4  response to that letter, Wells Fargo filed those motions. Plaintiff's counsel did not

5  respond to the December 12 email, and therefore the parties did not meet-and-

6  confer.

7                                    Respectfully submitted,

8  Dated:  December 21, 2012        ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP
9

10

11                                  By:  _____/s/ Viddell Lee Heard_____
                                            Viddell Lee Heard
12                                          vheard@afrct.com
                                    Attorneys for Defendant
13                                  WELLS FARGO BANK, N.A., successor by
                                    merger with Wells Fargo Bank Southwest, N.A.,
14                                  formerly known as Wachovia Mortgage, FSB,
                                    formerly known as World Savings Bank, FSB
15                                  ("Wells Fargo")

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

1.    INTRODUCTION ............................................................................................. 1

2.    FACTS SUBJECT TO JUDICIAL NOTICE ................................................. 1

3.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA ............................. 2

    A.    At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA ...................... 2

    B.    OTS Regulations Promulgated Under HOLA Preempt Any State Laws that Affect Lending ...................................................... 3

    C.    State Laws Preempted by HOLA ......................................................... 3

    D.    HOLA Preempts Plaintiff's Claims .................................................... 4

    E.    Numerous Courts Have Recognized That HOLA Preempts Claims Such As Those Asserted Here ............................................. 5

4.    THE FAC DOES NOT STATE A FRAUD CLAIM ...................................... 8

    A.    The Claim Is Time-Barred ................................................................... 9

    B.    The FAC Fails To Establish A Duty of Disclosure ........................... 9

5.    THE FAC DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ......... 10

6.    THE FAC DOES NOT STATE CLAIMS FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.* .............................. 11

    A.    The Claims Are Preempted ............................................................... 11

    B.    The Claims Lack The Required Particularity ................................... 13

    C.    The First Cause of Action Is Time-Barred ....................................... 13

7.    PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL ..................... 13

    A.    Plaintiff's Failure To Tender Her Outstanding Indebtedness Precludes  Equitable Relief ............................................................ 14

    B.    Declaratory And Injunctive Relief Are Not An Independent Causes Of Action .......................................................................... 15

    C.    The Quiet Title Claim Is Premature and Plaintiff Lacks Standing to Pursue It ........................................................................ 16

    D.    Each Equitable Claim Lacks Any Basis For Granting Relief ........... 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

8.    CONCLUSION ............................................................................................... 17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Amaral v. Wachovia Mortg. Corp.*,
5
    692 F. Supp. 2d 1226 (E.D. Cal. 2010) ................................................ 8

6

*Bridgeman, Jr. v. United States of America*,
7
    2011 U.S. Dist. Lexis 6059 (E.D. Cal. Jan. 21, 2011) ...................... 15

8

*Collins v. Power Default Services, Inc.*,
    2010 U.S. Dist. LEXIS 3361 (N.D. Cal. Jan. 24, 2010) .................... 15

9

*Curcio v. Wachovia Mortg. Corp.*,
10
    2009 U.S. Dist. LEXIS 96155 .................................................... 4, 7, 8

11

*DeLeon v. Wells Fargo Bank, N.A.*,
12
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................. 2

13

*Do v. Wells Fargo Bank, N.A.*,
14
    Case No. CV 12-5645 PA (C.D. Cal. Aug. 27, 2012) ......................... 7

15

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
16
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) ............................................. 8

17

*Gonzalez v. First Franklin Loan Services*,
    2010 U.S. Dist. LEXIS 1657, 2010 WL 144862 (E.D. Cal. Jan. 11, 2010) ...... 10

18

*Guerrero v. Greenpoint Mortg. Funding*,
19
    2010 U.S. App. LEXIS 21617 (9th Cir. Oct. 7, 2010) ...................... 15

20

*Guerrero v. Wells Fargo Bank, N.A.*,
21
    2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ............... 2, 7

22

*Haggarty v. Wells Fargo Bank, N.A.*,
23
    2011 U.S. Dist. LEXIS 9962 (N.D. Cal. Feb. 2, 2011) ...................... 2

24

*Jelsing v. MIT Lending*,
25
    2010 U.S. Dist. Lexis 38515 (S.D. Cal. July 9, 2010) ................. 14, 15

26

*Lane v. Vitek Real Estate Indus. Group*,
27
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ............................................. 15

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ............................................................... 9

*Nguyen v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 113246 (N.D. Cal. October 25, 2010) ............... 8, 13, 15

*Santos v. Countrywide Home Loans*,
   2009 U.S. Dist. LEXIS 103453, 2009 WL 3756337 (E.D. Cal. Nov. 6,
   2009) .................................................................................................. 15

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ........................................................ passim

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 (N.D. Cal. December 7, 2009) ............ 7

*Ungerleider v. Bank of America Corp.*,
   2010 U.S. Dist. LEXIS 138294 (C.D. Cal. Dec. 27, 2010) ................. 9

*Velasquez v. Chase Home Finance LLC*,
   2010 U.S. Dist. LEXIS 82065 (N.D. Cal. 2010) ............................... 9

**STATE CASES**

*Aguilar v. Bocci*,
   39 Cal. App. 3d 475 (1974) .............................................................. 14

*Burns v. Hiatt*,
   149 Cal. 617 (1906) ........................................................................ 14

*Covenant Care, Inc. v. Superior Court*,
   32 Cal. 4th 771 (2004) .................................................................... 13

*FPCI Re-Hab 01 v. E & G Invs.*,
   207 Cal. App. 3d 1018 (1989) ......................................................... 14

*G.R. Holcomb Estate Co. v. Burke*,
   4 Cal. 2d 289 (1935) ....................................................................... 16

*Khoury v. Maly's, Inc.*,
   14 Cal. App. 4th 612 (1993) ............................................................ 13

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ................................................................... 14

*Kovich v. Paseo Del Mar Homeowners' Ass'n,*
   41 Cal. App. 4th 863 (1996) ................................................................... 9

*Lewis v. Superior Court,*
   30 Cal.App.4th 1850 (1994) ................................................................... 16

*Lopez v. World Sav. & Loan Ass'n,*
   105 Cal. App. 4th 729 (2003) ................................................................... 3

*McElroy v. Chase Manhattan Mortg. Corp.,*
   134 Cal. App. 4th 388 (2005) ................................................................... 14

*Miller v. Provost,*
   26 Cal. App. 4th 1703 (1994) ................................................................... 14

*Nguyen v. Calhoun,*
   105 Cal. App. 4th 428 (2003) ................................................................... 14

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
   231 Cal. App. 3d 1089 (1991) ................................................................... 10

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.,*
   157 Cal. App. 4th 835 (2007) ................................................................... 9

*Pasadena Live, LLC v. City of Pasadena,*
   114 Cal. App. 4th 1089 (2004) ................................................................... 10

*Sipe v. McKenna,*
   88 Cal. App. 2d 1001 (1948) ................................................................... 14

*Stafford v. Ballinger,*
   199 Cal.App.2d 289 (1962) ................................................................... 16

*Weiss v. Washington Mutual Bank,*
   147 Cal. App. 4th 72 (2007) ................................................................... 3

*Wilhelm v. Pray, Price, Williams & Russell,*
   186 Cal. App. 3d 1324 (1986) ................................................................... 8

*Wolf v. Walt Disney Pictures and Television,*
   162 Cal. App.4th 1107 (2008) ................................................................... 10, 11

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ................................................................... passim

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Bus. & Prof. Code § 17208 ............................................................... 13

Cal. Civ. Proc. Code § 338(d) ................................................................. 9

**RULES**

Fed. R. Civ. P. 9(b) ....................................................................... 8, 9, 13

**REGULATIONS**

12 C.F.R. § 545.2 ............................................................................ 3

12 C.F.R. § 560.2 .......................................................................... 3, 4

12 C.F.R. § 560.2(a) ....................................................................... 11

12 C.F.R. § 560.2(b) .................................................................... passim

12 C.F.R. § 560.2(b)(4) ....................................................... 3, 5, 8, 12, 13

12 C.F.R. § 560.2(b)(9) .................................................................. 3, 5

12 C.F.R. §§ 560.2(b) and (10) ....................................................... 3, 5, 12

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .......................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## 1.   INTRODUCTION

3

4

5

6

7

This action represents Plaintiff's last-ditch effort to avoid the consequences of her years-long, admitted default on the mortgage loan she received in 2007 from Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo").[1]

8

9

10

11

12

13

This motion explains why the first amended complaint (FAC) fails to state any claim on which relief may be granted. Each claim is preempted by regulations promulgated under the federal Home Owners' Loan Act (HOLA). Even if the claims were not preempted, they are unauthorized under California law for the many reasons explained below. Therefore, Wells Fargo asks the Court to dismiss the FAC under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

14

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

15

16

17

18

19

20

21

22

23

**The Mortgage Loan**. Plaintiff has been a licensed real estate salesperson since 1989. *See* RJN, Ex. K (Dep't of Real Estate ID #01047112). In December 2007, she obtained from World Savings Bank (Wells Fargo's predecessor in interest) a $860,000 loan for a property in Walnut, California. The loan was memorialized in a signed note and secured by a signed deed of trust. RJN, Exs. F and G. The deed of trust identifies "World Savings Bank, FSB, its successors and assignees" as the beneficiary. RJN, Ex. F at 1-2 (Article I(C) and (H)). Similarly, the note identifies "World Savings Bank, FSB, a federal savings bank, its successors and assignees" as the lender. RJN, Ex. G at 1.

24

25

26

27

28

[1]  Wells Fargo Bank is essentially the successor to World Savings Bank, the entity from whom Plaintiff obtained her 2007 mortgage loan. This chain of corporate succession is more fully explained in Section 3, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

Anglin Flewelling Rasmussen Campbell & Trytten llp

1

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**Plaintiff's Default On The Loan**. In or about March 2009, Plaintiff defaulted on the loan. *See* RJN, Ex. H at 2 (referencing failure to make March 1, 2009 payment). As a result, a notice of default was recorded on July 30, 2009. *Id.* (noting Plaintiff over $21,000 in arrears on her payments). Wells Fargo held off on foreclosure but, after nearly two years, it could wait no longer: a notice of sale was recorded on May 6, 2011 and on May 21, 2012. *See* RJN, Exs. I and J. By that time, the total amount owed (unpaid principal and interest, expenses such as property tax payments, foreclosure costs, etc.) totaled over $1.05 million. *See id.*

### 3.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA

**A.   At The Time of Loan Origination, World Savings Bank, FSB, Was A Federal Savings Bank Operating Under HOLA**

When Plaintiff took out her loan in 2007, World Savings Bank was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs. A and C. World changed its name to Wachovia Mortgage, FSB on December 31, 2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until recently known as Wachovia Mortgage (RJN, Ex. E).[2] The deed of trust for the subject property

---

[2]  HOLA applies even though successor Wells Fargo Bank is not chartered as a federal savings bank. *See Haggarty v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 9962 at *11 (N.D. Cal. Feb. 2, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("[T]he same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010). "Where a national association . . . acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA." *Id.* This is because, as the *Guerrero* court indicated, in a merger the surviving entity succeeds to the rights of the prior entity. *Id.*; *cf. Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-5 (9th Cir. 2008) ("[a]ny doubt should be resolved in favor of preemption") (quotations omitted).

1  expressly states that it and the note are "governed by and construed under federal

2  law." RJN, Ex. F ¶ 15.

3  **B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws**

4  **that Affect Lending**

5       Through its regulatory authority, the OTS "occupies the entire field of

6  lending regulation for federal savings associations."  12 C.F.R. § 560.2.  OTS

7  regulations issued pursuant to HOLA are "intended to preempt all state laws

8  purporting to regulate any aspect of the lending operations of a federally chartered

9  savings association, whether or not OTS has adopted a regulation governing the

10  precise subject of the state provision."  *Lopez v. World Sav. & Loan Ass'n*, 105

11  Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

12       As the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)

13  instructs, preemption analysis under HOLA is simple.  Step one determines

14  whether the type of state law at issue appears on the list set forth in 12 C.F.R.

15  § 560.2(b), which lists the types of state laws that HOLA preempts.  If the type of

16  state law in question appears on the list, the analysis ends there and the law is

17  preempted; there is no step two.  As the Ninth Circuit observed in *Silvas*, 514 F.3d

18  at 1004-05, the OTS's construction of its own regulation 560.2 "must be given

19  controlling weight."  The court went on to declare that any presumption against

20  preemption of state law does not apply to HOLA, and that any doubt should be

21  resolved in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App.

22  4th 72, 76-77 (2007) (holding that state common law claims including fraud and

23  unfair completion, based on pre-payment penalties, were barred by HOLA).

24  **C.   State Laws Preempted by HOLA**

25       The *Silvas* court described the HOLA regulations as "so pervasive as to

26  leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004-05 (internal

27  quotation omitted).  Among those regulations are 12 C.F.R. § 560.2(b)(4), (9) and

28  (10), which preempt state laws that "would impose requirements on federal savings

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

banks" regarding (emphasis added):

> The *terms of credit*, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> *Disclosure* and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> *Processing, origination, servicing*, *sale or purchase of*, or *investment or participation in, mortgages*; . . . .

"As outlined by OTS, the first step is to determine if [the law], as applied, is a type of state law contemplated in the list under paragraph (b) of 12 C.F.R. § 560.2. If it is, the preemption analysis ends." *Silvas*, 514 F.3d at 1006; *see also id.* at 1005 n.1 ("This construction . . . by the OTS must be given controlling weight"). In performing this analysis, the issue is not whether the claim for relief usually or always falls within Section 560.2(b), but whether it does so *as applied* in the case at hand. *See, e.g., Curcio v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS 96155, at **15-16 (S.D. Cal. Oct. 14, 2009); *Silvas*, 514 F.3d at 1006 (finding Bus. & Prof. Code § 17200 preempted "as applied in this case.")

**D.   HOLA Preempts Plaintiff's Claims**

The FAC alleges several categories of supposed misconduct by Wells Fargo. First, it alleges that the terms of the loan were deceptive or unfair, that Wells Fargo failed to adequately disclose those terms, and that the origination of the loan was

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1   otherwise defective or improperly marketed to her. *See, e.g.,* FAC ¶¶ 16, 20-21, 25,

2   28, 32, 69-70, 91 (alleging that loan was "unconscionable"), 101.  However,

3   HOLA regulation 12 C.F.R. §§ 560.2(b)(4), (9) and (10) preempt claims based on

4   the "terms of credit," the lender's "disclosure and advertising" (i.e., marketing),

5   and – perhaps most importantly -- the "origination" of the loan.

6        Second, the FAC asserts wrongdoing in the servicing of Plaintiff's loan,

7   namely by alleging that Wells Fargo wrongfully failed to modify or consider

8   Plaintiff's request to modify the loan. *See, e.g.,* FAC ¶¶ 41 (claim asserting "unfair

9   and deceptive practices in loan servicing"), 44-50, 62, 81-84. But HOLA

10  regulation 12 C.F.R. § 560.2(b)(10) encompasses claims based on the "processing

11  [or] servicing" of a loan, while 12 C.F.R. § 560.2(b)(4) encompasses claims

12  pertaining to foreclosure ("the circumstances under which a loan may be called due

13  and payable upon the passage of time") and modification ("adjustments to the

14  interest rate, balance, payments due, or term to maturity of the loan").

15       Third, the FAC alleges that Wells Fargo failed to comply with certain

16  foreclosure procedures. *See* FAC ¶¶ 61 (alleging supposedly "inappropriate[] dual

17  tracking foreclosure"), 62 (alleging foreclosure "violated [statutory] public

18  policy")101. HOLA regulation 12 C.F.R. § 560.2(b)(4) preempts claims pertaining

19  to foreclosure (i.e., "the circumstances under which a loan may be called due and

20  payable upon the passage of time or a specified event external to the loan").

21       The *Silvas* court made clear what happens when the allegations in a

22  complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b):  "If

23  so, the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

24  Here, every material basis of Plaintiff's claims is preempted by HOLA regulations,

25  and therefore those claims are as well.

26  **E.    Numerous Courts Have Recognized That HOLA Preempts Claims Such**

27  **As Those Asserted Here**

28       A long and growing list of federal courts have determined that claims such

1    as those at issue in this case are preempted by HOLA. Just four months ago, this

2    Court dismissed a similar case after finding that the claims were preempted:

3            The FAC alleges that Wells Fargo rescinded the notice of

4          default and did not send a certified letter as required by Civil

5          Code § 2923.5(g)(3), thereby rendering the subsequent

6          foreclosure void. However, HOLA regulation 12 C.F.R. §

7          560.2(b)(4) encompasses claims pertaining to "the

8          circumstances under which a loan may be called due and

9          payable upon the passage of time or a specified event external

10         to the loan," while 12 C.F.R. § 560.2(b)(10) encompasses

11         claims based on a loan's "processing [or] servicing," such as a

12         bank's actions in preparing a foreclosure. Next, the FAC alleges

13         that someone at Wells Fargo agreed to modify Plaintiff's loan .

14         . . HOLA regulation 12 C.F.R. § 560.2(b)(4) encompasses

15         claims pertaining to "adjustments to the interest rate, balance,

16         payments due, or term to maturity of the loan" (i.e., loan

17         modifications). Moreover, HOLA regulation 12 C.F.R.

18         § 560.2(b)(10) covers claims based on a loan's "processing [or]

19         servicing," which would include a bank's consideration of a

20         request for a loan modification. Finally, the FAC alleges that

21         someone at Wells Fargo told Plaintiff that the foreclosure sale

22         had been postponed. However, HOLA regulation 12 C.F.R.

23         §§ 560.2(b)(4) covers the "terms of credit, including . . . . the

24         circumstances under which a loan may be called due and

25         payable upon the passage of time" (i.e., foreclosure), and 12

26         C.F.R. §§ 560.2(b)(10) covers the "processing [or] servicing"

27         of the loan, such as queries regarding foreclosure.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Like the other courts that have addressed the issue, this

2    Court concludes that Plaintiff's state law claims are preempted

3    by HOLA. [citations omitted] The Court therefore dismisses

4    Plaintiff's claims with prejudice.

5    Order (Dkt. #27) in *Do v. Wells Fargo Bank, N.A.,* Case No. CV 12-5645

6    PA (AGRx), (C.D. Cal. Aug. 27, 2012). The *Do* Order is attached as Exhibit L to

7    the RJN. The Court should likewise dismiss this action with prejudice.

8    As recently stated in *Stefan v. Wachovia, World Savings,* 2009 U.S. Dist.

9    LEXIS 113480, at *8-9 (N.D. Cal. December 7, 2009) (emphasis added):

10    The relief Plaintiff seeks under state tort and contract laws are

11    of general applicability and do not explicitly regulate lending

12    activities.  To the extent that these state laws are applicable to

13    the *foreclosure process or the loan agreement itself*, they are

14    expressly preempted by section 560.2(b). Specifically,

15    *Plaintiff's claims of misconduct surrounding the foreclosure*

16    *proceedings clearly fall under the preemption provisions for*

17    *"processing, origination, sale or purchase of ... mortgages"*

18    *and "disclosure," Id.* (emphasis added).

19    In *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 at *4

20    (C.D. Cal. Sept. 14, 2010), the plaintiff contended that Wells Fargo falsely

21    promised that it had canceled the foreclosure sale while it considered the plaintiff's

22    loan application. The *Guerrero* court dismissed the plaintiff's claims for, *inter alia*,

23    estoppel, breach of contract, fraud, and negligence because they "fall within the

24    purview of Section 560.2(b), as they attack Defendant's disclosure and initiation of

25    the foreclosure process." *Id.* at **9-10. The court in *Curcio v. Wachovia Mortg.*

26    *Corp.*, 2009 U.S. Dist. LEXIS 96155 at *16-*18 (S.D. Cal. Oct. 14, 2009)

27    dismissed, with prejudice, claims that were based in part on Wells Fargo's alleged

28    refusal to modify the plaintiff's loan because: "each state Claim for Relief is

1  premised upon allegations regarding Defendant's lending obligations, including:

2  terms of credit, 12 C.F.R. § 560.2(b)(4); disclosure, *Id.* § 560.2(b)(9); 9 and

3  processing, origination, and servicing of mortgages, *Id.* § 560.2(b)(10). These

4  activities are matters committed by Congress to regulation by a federal agency."

5  *Curcio*, 2009 U.S. Dist. LEXIS 96155 at *17; *see also Amaral v. Wachovia Mortg.*

6  *Corp.*, 692 F. Supp. 2d 1226, 1238 (E.D. Cal. 2010) (finding claim based on

7  allegation that bank "made false representations with the intent to induce plaintiffs

8  to make monthly mortgage payments" to be preempted).

9      Moreover, courts have found that "claims of misconduct surrounding the

10  foreclosure proceedings fall under the preemption provisions for 'processing,

11  origination, sale or purchase of . . . mortgages' and 'disclosure.'" *Curcio*, 2009

12  U.S. Dist. LEXIS 96155 at *17-*18; *see also Nguyen v. Wells Fargo Bank, N.A.,*

13  2010 U.S. Dist. LEXIS 113246 at *14 (N.D. Cal. October 25, 2010).

14      Accordingly, Wells Fargo respectfully requests that the Court grant this

15  motion to dismiss *without* leave to amend. Plaintiff cannot "plead around" the fact

16  that the FAC is based on matters preempted by federal regulations. Any

17  amendment would be futile.

18      **4.   THE FAC DOES NOT STATE A FRAUD CLAIM**

19      The Fourth Cause of Action alleges fraud in the origination of Plaintiff's

20  2007 loan. Plaintiff – who, again, is a real estate professional -- claims an

21  employee of  Wells Fargo "did not disclose" that various features of the loan such

22  as the finance charge and total payments. *See* FAC ¶ 69. To state a fraud claim

23  under California law, a plaintiff must allege: (i) a false representation as to material

24  fact, (ii) knowledge of its falsity, (iii) intent to defraud, (iv) actual and justifiable

25  reliance, and (v) resulting damage. *Wilhelm v. Pray, Price, Williams & Russell*,

26  186 Cal. App. 3d 1324, 1331 (1986).  FRCP 9(b), however, requires that fraud

27  allegations be pled with particularity. *Glen Holly*, 100 F. Supp. 2d at 1093-1094.

28  Rule 9(b) mandates the explicit identification of context. "This means the who,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   what, when, where and how….” *Id.* at 1094. Vague or conclusory allegations are

2   insufficient to satisfy Rule 9(b)'s particularity requirement. *See Moore v. Kayport*

3   *Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

4        As against corporate defendants, Rule 9(b) requires plaintiffs to plead:

5   (1) the misrepresentation, (2) the speaker and her authority to speak, (3) when and

6   where the statements were made, (4) whether the statements were oral or written,

7   (5) if written, the documents containing the representations, and (6) the manner in

8   which the representations were allegedly false. *Ungerleider v. Bank of America*

9   *Corp.*, 2010 U.S. Dist. LEXIS 138294 at *12 (C.D. Cal. Dec. 27, 2010).

10  **A.**     **The Claim Is Time-Barred**

11       Under CCP § 338(d), the statute of limitations for a fraud claim is three

12  years. Here, Plaintiff alleges a misrepresentation that took place prior to the

13  origination of the loan in December 2007. *See* FAC ¶¶ 67-69. Therefore, the fraud

14  claim became time barred as of December 2010 – nearly two years before Plaintiff

15  filed this action.

16  **B.**     **The FAC Fails To Establish A Duty of Disclosure**

17       The FAC alleges fraud by failure to disclose. *See* FAC ¶ 67. "[T]o establish

18  fraud through nondisclosure or concealment of facts, it is necessary to show the

19  defendant 'was under a legal duty to disclose them.'"  *OCM Principal*

20  *Opportunities Fund, L.P. v. CIBC World Markets Corp.,* 157 Cal. App. 4th 835,

21  846 (2007). "The general rule for liability for nondisclosure is that even if material

22  facts are known to one party and not the other, failure to disclose those facts is not

23  actionable fraud unless there is some fiduciary or confidential relationship giving

24  rise to a duty to disclose." *Kovich v. Paseo Del Mar Homeowners' Ass'n,* 41 Cal.

25  App. 4th 863, 866 (1996). However, "[a]s a general rule, 'a financial institution

26  owes no duty of care to a borrower when the institution's involvement in the loan

27  transaction does not exceed the scope of its conventional role as a mere lender of

28  money.'" *Velasquez v. Chase Home Finance LLC*, 2010 U.S. Dist. LEXIS 82065,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   at *5 (N.D. Cal. 2010) (quoting *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.

2   App. 3d 1089, 1096 (1991)); see also *Gonzalez v. First Franklin Loan Services*,

3   2010 U.S. Dist. LEXIS 1657, 2010 WL 144862 *8 (E.D. Cal. Jan. 11, 2010)

4   (same); *Nymark*, 231 Cal. App. 3d at 1092 ("[A] financial institution acting within

5   the scope of its conventional activities as a lender of money owes no duty of care

6   to a borrower in preparing an appraisal of the security for a loan when the purpose

7   of the appraisal simply is to protect the lender by satisfying it that the collateral

8   provides adequate security for the loan").

9         Here, Wells Fargo was acting in its traditional role as a lender in originating

10  the loan, as opposed to acting as an investment advisor or joint venturer. *See, e.g.,*

11  RJN, Exs. F and G (standard loan agreements). Therefore, Wells Fargo owed

12  Plaintiff no duty of disclosure, and the fraud claim fails to state a valid cause of

13  action.

14  ## 5.    THE FAC DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED

15        COVENANT OF GOOD FAITH AND FAIR DEALING

16        The "implied covenant of good faith and fair dealing is limited to assuring

17  compliance with the express terms of the contract, and cannot be extended to

18  create obligations not contemplated by the contract*." Pasadena Live, LLC v. City

19  of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004). "[T]he implied covenant

20  will only be recognized to further the contract's purpose; it will not be read into a

21  contract to prohibit a party from doing that which is expressly permitted by the

22  agreement itself." *Wolf v. Walt Disney Pictures and Television,* 162 Cal. App.4th

23  1107, 1120 (2008). "This covenant is read into contracts in order to protect the

24  express covenants or promises of the contract, not to protect some general public

25  policy interest not directly tied to the contract's purpose." *Id.*

26        The Seventh Cause of Action alleges that Wells Fargo "prevented Plaintiff

27  from receiving the benefits of the loan agreement" by "refus[ing] to properly and

28  legitimately review Plaintiff's loan modification applications." FAC ¶ 84. But this

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  is a non-sequitur:  a request for a loan modification is a request to *change* the

2  existing terms of a contract, not to "protect" or "assur[e] compliance" with them.

3  Wells Fargo cannot have interfered with the benefits of the existing contract by

4  refusing to change those terms. Neither the note nor deed of trust contain an

5  express provision requiring Wells Fargo to renegotiate the terms of the agreement

6  if Plaintiff becomes unable to afford the payment. To the contrary, the agreements

7  expressly deem the borrower's failure to pay a "default" and give Wells Fargo the

8  right to "exercise the power of sale . . . and invoke such other remedies as may be

9  permitted under any applicable law." RJN, Exs. F ¶ 28 and G ¶¶ 7(B) and 11. As

10  the *Wolf* court held, the implied covenant may not be read to prohibit Wells Fargo

11  from that which is expressly permitted by the agreement. *Wolf,* 162 Cal. App.4[th] at

12  1120.

13        To the extent that Plaintiff contends otherwise, she merely confirms that the

14  claim is preempted by HOLA. Those regulations were intended to free federal

15  savings banks from such state-specific duties. *See* 12 C.F.R. § 560.2(a).

16  ### 6.   THE FAC DOES NOT STATE CLAIMS FOR VIOLATION OF

17  ### BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

18        The First through Third Causes of Action assert claims for violation of Bus.

19  & Prof. Code § 17200 *et seq.* ("Section 17200"). The First Cause of Action is

20  based on the origination of the loan, the Second Cause of Action is based on the

21  "loan servicing," and the Third Cause of Action is based on "the foreclosure

22  process." *See* FAC at 6, 9, 13.  These claims each fail.

23  **A.   The Claims Are Preempted**

24        As more fully discussed in Section 3, *supra,* each of the Section 17200

25  claims is preempted by HOLA. The *Silvas* case is right on point. The plaintiffs in

26  *Silvas* alleged that the lender made "misrepresentations" in its advertising to

27  borrowers, thereby violating Business & Professions Code §§ 17200 and 17500.

28  *Id.* at 1003 (also characterizing the material as a "false statement"), 1006.

1 Nevertheless, the Ninth Circuit ruled that these claims were entirely preempted by

2 HOLA regulations:

> 3 Here, Appellants allege that E*TRADE violated *UCL § 17500*
>
> 4 by including false information on its website and in every
>
> 5 media advertisement to the California public. Because this
>
> 6 claim is entirely based on E*TRADE's *disclosures and*
>
> 7 *advertising*, it falls within the specific type of law listed in *§*
>
> 8 *560.2(b)(9)*. Therefore, the preemption analysis ends. *UCL §*
>
> 9 *17500* as applied in this case is preempted by federal law.
>
> 10 . . .
>
> 11 Appellants allege E*TRADE's practice of misrepresenting
>
> 12 consumers' legal rights in advertisements and other documents
>
> 13 is contrary to the policy of California and thus violates *UCL §*
>
> 14 *17200*. This claim, similar to the claim under *§ 17500*, fits
>
> 15 within *§ 560.2(b)(9)* because the alleged misrepresentation is
>
> 16 contained in advertising and disclosure documents.

17 *Silvas*, 514 F.3d at 1006 (footnote omitted, emphasis in original).

18 As the quoted passage indicates, because the *subject matter* of the Silvas'

19 claims fell within one of the categories listed in 12 C.F.R. § 560.2(b), the *Silvas*

20 court held that those claims alleging pervasive misrepresentations were preempted.

21 Here, there can be no dispute that the subject matter of Plaintiff's Section

22 17200 claims fall within one or more categories of 12 C.F.R. § 560.2(b).

23 Regulation 12 C.F.R. §§ 560.2(b)(4) and (10) encompass claims based on the

24 "terms of credit" and the "origination" of the loan, and therefore preempt the First

25 Cause of Action. *See* FAC at 7 (claim based on "loan origination" and challenging

26 "deceptive terms" and "predatory nature" of loan). Regulation 12 C.F.R. §

27 560.2(b)(4) and (10) encompass claims based on the "adjustments to the interest

28 rate, balance, payments due, or term to maturity of the loan" (i.e., modification)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

12

and the "servicing" of a loan, and therefore preempt the Second Cause of Action. *See* FAC at 10-13 (claim based on "loan servicing" and alleging wrongful failure to modify loan). And regulation 12 C.F.R. § 560.2(b)(4) covers claims based on "the circumstances under which a loan may be called due and payable upon the passage of time" (i.e., foreclosure), and therefore preempts the Third Cause of Action. *See* FAC at 13 (claim based on "foreclosure process").

**B.   The Claims Lack The Required Particularity**

A Section 17200 claim must state the facts supporting the alleged violation with reasonable particularity. *Khoury v. Maly's, Inc.,* 14 Cal. App. 4th 612, 619 (1993); *Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *42; *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790 (2004) ("statutory causes of action must be pleaded with particularity"). Moreover, to heavy the extent the Section 17200 claims rely on allegations of fraud, they must comply with the particularity requirement of FRCP 9(b). Here, however, the claims rely on vague, boilerplate allegations of "unfair" terms and "deceptive" practices. They do not disclose the required "who, what, when, where and how" of each instance of fraud.

**C.   The First Cause of Action Is Time-Barred**

The statute of limitations for a Section 17200 claim is four years. *See* Bus. & Prof. Code § 17208. Therefore, the First Cause of Action based on events taking place during the 2007 origination of the loan became time-barred as of December 2011.

**7.   PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL**

The First through Third and Sixth through Eighth Causes of Action seek various forms of equitable relief: cancellation of the loan agreements, quieting title in Plaintiff's favor (and stripping Wells Fargo of all interest in the property), a declaration that Wells Fargo has no interest in the property, and, in the Prayer for Relief, an injunction preventing Wells Fargo from, at long last, foreclosing on the

1  property after nearly Plaintiff's four years of default.[3] Each claim is fatally

2  defective.

3  **A.**    **Plaintiff's Failure To Tender Her Outstanding Indebtedness Precludes**

4         **Equitable Relief**

5         A debtor seeking an injunction or other equitable relief must tender her

6  outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018,

7  1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may

8  not without payment of the debt, enjoin a sale by a trustee under a power conferred

9  by a deed of trust, or have his title quieted."). A mortgagor may not maintain a

10 quiet title action against the mortgagee without first paying the outstanding debt on

11 which the subject mortgage is based.  *Miller v. Provost*, 26 Cal. App. 4th 1703,

12 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt,

13 quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477

14 (1974) ("The cloud upon…title persists until the debt is paid").  Indeed, equitable

15 principles mandate that when a mortgagor seeks to quiet title as to a mortgagee

16 without first discharging her contractual obligations, such action should be

17 conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*,

18 149 Cal. 617, 621-22 (1906). This "tender rule" also applies to claims for

19 cancellation of instruments. *See Jelsing v. MIT Lending,* 2010 U.S. Dist. Lexis

20 38515 at *15 (S.D. Cal. July 9, 2010).

21        "The rules which govern tenders are strict and are strictly applied." *Nguyen*

22 *v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege

23 such a tender does not state a claim for relief under California law. *McElroy v.*

24

25

26 ─────────────────────────

[3] The First through Third Causes of Action each seek relief under Section 17200,

27 under which damages are not an available remedy. *See Korea Supply*, 29 Cal. 4th

1134, 1140 (2003).  Accordingly, the FAC seeks "injunctive relief, restitution and

28 such further relief as is set forth" in the Prayer for Relief. *See* FAC ¶¶ 40, 56, 63.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

Numerous federal courts have applied the tender rule in dismissing lawsuits such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *31-36 (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS 3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases). "The application of the 'tender rule' prevents 'a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS 113246, at *32. The Ninth Circuit has also recognized and enforced this "tender rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617, at *3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage.")

Here, Plaintiff has not alleged that she tendered her outstanding debt, and her nearly four-year-long default makes clear that she has not done so. Therefore, the above-stated claims fail to state claims on which relief may be granted under California law.

## B.   Declaratory And Injunctive Relief Are Not An Independent Causes Of Action

As numerous federal courts have held, injunctive and declaratory relief are remedies, not independent causes of action. *See Bridgeman, Jr. v. United States of America*, 2011 U.S. Dist. Lexis 6059 at *59-*60 (E.D. Cal. Jan. 21, 2011) (citing cases); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.") *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (same). Similarly, a claim for cancellation of instruments "is really a claim for rescission . . . [a]nd rescission is a remedy, not an independent cause of action." *Jelsing*, 2010 U.S.

15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Dist. Lexis 38515, at *15. Therefore, the Sixth and Eighth Causes of Action do not

2   state any claims for relief.

3   **C.**     **The Quiet Title Claim Is Premature and Plaintiff Lacks Standing to**

4        **Pursue It**

5        The Seventh Cause of Action seeks to quiet title in Plaintiff's name, alleging

6   that "Defendants . . . allegedly obtained the Subject Property through fraud and

7   wrongful conduct, and failed to adhere to the strict statutory requirements to

8   effectuate a foreclosure sale of the Subject Property." FAC ¶ 101. This assertion

9   was simply copied-and-pasted from a different pleading. In this case, Wells Fargo

10  has not yet foreclosed on the property, and the FAC does not allege otherwise.

11  Therefore, the quiet title claim seeking to reverse a non-existent foreclosure is

12  premature at best.

13       Plaintiff also lacks standing to assert the claim because an action to quiet

14  title cannot be maintained by the owner of equitable title as against the holder of

15  legal title.  *See e.g.*, *G.R. Holcomb Estate Co. v. Burke,* 4 Cal. 2d 289, 297-299

16  (1935).  In *G.R. Holcomb Estate*, the California Supreme Court declared:

17            Both the pleadings and the evidence disclose the fact that the

18            legal title to these lands stands in the name of the defendants.

19            At most the plaintiff claims to be the equitable owner of said

20            lands.  It has been repeatedly held in this state that an action to

21            quiet title will not lie in favor of the holder of an equitable title

22            as against the holder of a legal title.  [Citation.]  Under this

23            doctrine, plaintiffs action to quiet title to said lands must fail.

24       *See also Lewis v. Superior Court,* 30 Cal.App.4th 1850, 1866 (1994) (party

25  "never had standing to bring a quiet title action, because whatever interest it might

26  have is only equitable, and the holder of equitable title cannot maintain a quiet title

27  action against the legal owner"); *Stafford v. Ballinger,* 199 Cal.App.2d 289, 294 -

28  295 (1962) (complaint does not state cause of action to quiet title because it

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   "disclose[s] that appellant does not have legal title to the property in question" and

2   "[i]t has been held consistently that the owner of an equitable interest cannot

3   maintain an action to quiet title against the owner of the legal title".) Plaintiff

4   therefore may not maintain a quiet title action against Wells Fargo.

5   **D.    Each Equitable Claim Lacks Any Basis For Granting Relief**

6          Each equitable claim is based on the allegations of the prior claims. As

7   demonstrated elsewhere in this brief, those other claims fail to state any basis for

8   relief. Therefore, the equitable claims likewise fail to establish a basis for equitable

9   relief.

10  **8.    CONCLUSION**

11         For each of the foregoing reasons, Wells Fargo requests that the Court grant

12  this motion to dismiss without leave to amend.

13

14                                      Respectfully submitted,

15  Dated: November 16, 2012            ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP
16

17
                                        By: _____/s/ Viddell Lee Heard_____
18                                              Viddell Lee Heard
                                                vheard@afrct.com
19                                      Attorneys for Defendant
                                        WELLS FARGO BANK, N.A., successor by
20                                      merger with Wells Fargo Bank Southwest, N.A.,
                                        formerly known as Wachovia Mortgage, FSB,
21                                      formerly known as World Savings Bank, FSB
                                        ("Wells Fargo")
22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

| *Attorneys for*<br>*Plaintiff* | *Attorneys for*<br>*Defendant Cal-Western Reconveyance*<br>*Corporation* |
|---|---|
| September J. Katje, Esq.<br>Consumer Litigation Law Center, APC<br>100 North Barranca Ave., Ste. 700<br>West Covina, CA 91791<br>rr@consumerlitigationlawcenter.com<br>km@consumerlitigationlawcenter.com<br>ld@consumerlitigationlawcenter.com<br>Tel: 800.787.5616<br>Fax: 888.909.7947 | Robin P. Wright, Esq.<br>Yelena Cayton, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, #280<br>Newport Beach, CA 92660<br>rwright@wrightlegal.net<br>hcayton@wrightlegal.net<br>Tel: (949) 477-5050<br>Fax: (949) 477-9200 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on December 21, 2012.

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

Anglin Flewelling Rasmussen Campbell & Trytten LLP