Viddell Lee Heard (# 175049)
  vheard@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendants
WELLS FARGO FINANCIAL CALIFORNIA,
INC.; WELLS FARGO FINANCIAL, INC., and
WELLS FARGO BANK, N.A. ("Wells Fargo")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARTHA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., successor by merger to WELLS FARGO BANK SOUTHWEST, N.A., f/k/a WORLD SAVINGS BANK, FSB; CAL-WESTERN RECONVEYANCE CORPORATION, a California Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-09661-JGB (RZx)<br><br>[Assigned to the Hon. Jesus G. Bernal]<br><br>**WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:      January 28, 2012<br>Time:     9:00 a.m.<br>Ctrm:     790 |

**TABLE OF CONTENTS**

**Page**

REPLY IN SUPPORT OF MOTION TO DISMISS ............................................... 1

1. THE CLAIMS ARE PREEMPTED BY HOLA ............................................. 1

2. THE FAC DOES NOT STATE CLAIMS FOR FRAUD ............................. 2

3. THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ..................................................................................................... 5

4. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.* ................................ 5

5. THE COURT SHOULD ENFORCE THE TENDER RULE ........................ 6

6. THE QUIET TITLE CLAIM IS PREMATURE AND PLAINTIFF LACKS STANDING ..................................................................................... 7

7. CONCLUSION ............................................................................................. 7

# REPLY IN SUPPORT OF MOTION TO DISMISS

Wells Fargo respectfully submits this reply brief in support of its motion to dismiss.

## 1. THE CLAIMS ARE PREEMPTED BY HOLA

The opposition raises several arguments to dispute that Plaintiff's claims are preempted by HOLA. First, it argues that "fraud and UCL [i.e., Business & Professions Code § 17200 *et seq.*] claims are governed almost exclusively by state law and do not raise issues of great federal interest" and that "[l]aws of general applicability that do not directly affect a national bank's lending is [sic] not preempted by HOLA." Opp. at 2. The Ninth Circuit put those arguments to rest three years ago in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008). As explained in Wells Fargo's opening brief (Mot. at 11-12), the *Silvas* court ruled that UCL claims alleging statewide "misrepresentations" by a lender were entirely preempted by HOLA:

> Appellants allege E*TRADE's practice of misrepresenting consumers' legal rights in advertisements and other documents is contrary to the policy of California and thus violates *UCL § 17200*. This claim, similar to the claim under *§ 17500*, fits within *§ 560.2(b)(9)* because the alleged misrepresentation is contained in advertising and disclosure documents.

*Silvas*, 514 F.3d at 1006 (footnote omitted, emphasis in original).

Thus, the issue at hand is not whether the claim is based on laws of "general applicability" or that "raise issues of great federal interest." The issue is whether the subject of the claim falls within one of the subjects listed in 12 C.F.R. § 560.2(b). *See Silvas*, 514 F.3d at 1006 (claims preempted because they pertained to advertising). Here, Wells Fargo's opening brief demonstrated that each of Plaintiff's claims falls within one or more categories listed under 12 C.F.R. § 560.2(b). *See* Mot. at 4-5.

     Crucially, the opposition does not dispute that fact, nor does it dispute the legal consequence thereof. "If [a claim falls within 12 C.F.R. § 560.2(b)], the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005.

     Second, the opposition argues that, under the *subsequent* regulation, 12 C.F.R. § 560.2(c), a law is preempted only if it "only incidentally affect[s] lending." Opp. at 3. But, as the *Silvas* court recognized, a court will analyze the effect on lending under subsection (c) only if the claim *does not* fall within 12 C.F.R. § 560.2(b). "We do not reach the question of whether the law fits within the confines of *paragraph (c)* because Appellants' claims are based on types of laws listed in *paragraph (b) of § 560.2*." *Silvas,* 514 F.3d at 1006. Here, there is no dispute that Plaintiff's claims do fall within 12 C.F.R. § 560.2(b), so "the analysis will end there." *Silvas*, 514 F.3d at 1005.

     For this reason, the opposition's citation to *Avila v. Wells Fargo Bank,* 2012 U.S. Dist. LEXIS 100522 (N.D. Cal. July 19, 2012) is inapt. The *Avila* court denied a motion to dismiss on the ground that "HOLA excludes preemption of state contract, commercial, real property, tort, criminal, and other laws 'to the extent that they only incidentally affect . . . lending operations.' 12 C.F.R. 560.2(c)." *Avila,* 2012 U.S. Dist. LEXIS 100522, at 32. But the *Avila* court did not analyze the critical preliminary question of whether the plaintiff's claims fell within 12 C.F.R. § 560.2(b). *See id.* Here, by contrast, that question has been analyzed and answered in the affirmative, thereby making analysis of the effect on lending operations irrelevant. *See Silvas,* 514 F.3d at 1006.

     As noted in Wells Fargo's opening brief, the Judge to whom this case was previously assigned dismissed a similar case due to preemption. *See* Mot. at 5-7. Wells Fargo respectfully requests that this Court likewise apply HOLA in a manner consistent with *Silvas* and dismiss the claims in this case with prejudice.

**2.** **THE FAC DOES NOT STATE CLAIMS FOR FRAUD**

     The fraud claim asserts that Wells Fargo misrepresented one material fact (the

2
CASE NO. 2:12-CV-09661-JGB-RZ
REPLY ISO MOTION TO DISMISS

loan's variable rate) and failed to disclose a number of others. *See* FAC ¶¶ 67-69.

As explained in Wells Fargo's opening brief, the "failure to disclose" portion of the claim fails because Wells Fargo owed Plaintiff no duty of disclosure. *See* Mot. at 9-10. The opposition does not dispute this point. At all. Because the FAC fails to plead facts showing any obligation to disclose the matters listed in Paragraph 69, the FAC fails to state a claim for fraud on that basis.[1]

As for the "misrepresentation" portion of the claim, the FAC alleges that a Wells Fargo agent represented that Plaintiff would receive a 30-year fixed rate loan. *See* FAC ¶ 67; Opp. at 5. But, indisputably, *Plaintiff received such a loan*. *See* RJN, Ex. G at 1 ("Fixed Rate Mortgage Note"). Indeed, Plaintiff alleges that she was promised a loan "with a fixed interest rate of 7.650%" (FAC ¶ 67), yet she received a *lower* fixed rate of 7.550%. *See* RJN, Ex. G at 1. In short, Plaintiff was neither lied to nor harmed, and therefore cannot plead the elements of a fraud claim. *See* Mot. at 8.

Finally, Wells Fargo's opening brief pointed out that any fraud claim would be barred by Civil Code § 338(d)'s three-year statute of limitations. Mot. at 9. The opposition responds that the claim did not accrue until she learned of the "substantial increase in the principal amount of the loan" when she received the notice of sale in November 2009. *See* Opp. at 4-5. However, under California law, a complaint asserting delayed discovery "must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. Mere conclusory assertions that delay in discovery was reasonable are insufficient and will not enable the complaint to withstand general demurrer." *CAMSI IV v. Hunter Technology Corp.*, 230 Cal. App. 3d 1525, 1536-1537 (1991). "When, as here, it is apparent on the face of a

---

[1] It is true that there exist federal regulations that, under certain circumstances, may oblige a lender to disclose those or other facts. But Plaintiff has chosen not to base her fraud claim on an alleged violation of those regulations for substantive and procedural reasons that are irrelevant to the current complaint.

pleading that the time limit of an applicable statute of limitations has run, in order to avoid the bar of the statute it is incumbent upon the pleader to state, *with particularity*, facts, rather than conclusions, which excuse his failure to learn of the fraud within the statutory period." *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal. App. 3d 716, 719 (1971) (emphasis added). Accordingly, a cause of action that seeks to evade a statute of limitations on the ground of delayed discovery

> must plead and prove the facts showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when he did actually discover the fraud or mistake. Under this rule, constructive or presumed notice of knowledge are equivalent to knowledge. *So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation (such as public records or corporation books), the statute commences to run*.

*Casualty Ins. Co.*, 14 Cal. App. 3d at 720 (emphasis added) (holding fraud claim barred by statute of limitations, after finding that plaintiff did not allege facts to reasonably excuse its failure to discover the alleged unfair terms of the lease).

Here, the FAC does not meet contain allegations, particular or otherwise, that meet this standard. It bears reminder that Plaintiff's profession for the last twenty-three years has been real estate sales. *See* RJN, Ex. K. Especially given that status, Plaintiff was at the very least on inquiry notice regarding matters such as the loan's interest rate, the amount financed, etc. Therefore, the statute of limitations began to run in December 2007, when she originated the loan, and any fraud claim became time-barred in December 2010.

### 3. THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

"[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures and Television,* 162 Cal. App.4th 1107, 1120 (2008). "This covenant is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Id.* The implied covenant claim in this case asserts that "by refusing to legitimately review Plaintiff's loan modification applications, . . . Defendant thereby wrongfully prevented Plaintiff from receiving the benefits of the loan agreement." Opp. at 6. But, as pointed out in Wells Fargo's opening brief, the loan agreements do not provide for any right to a modification. To the contrary, the note and deed of trust expressly give Wells Fargo the right to *foreclose* due to Plaintiff's default. *See* Mot. at 11; RJN, Exs. F ¶ 28 and G ¶¶ 7(B) and 11. Self-evidently, those contracts do not contain an implicit agreement to renegotiate themselves at the borrower's request.

### 4. THE FAC DOES NOT STATE A CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

As demonstrated in Wells Fargo's opening brief and in Section 1, *supra,* this claim is preempted. The opposition confirms that fact when it argues (Opp. at 7-9) that Wells Fargo violated Section 17200 "during the loan origination," "during the loan servicing," and "during the foreclosure process." *See* 12 C.F.R. §§ 560.2(b)(10) (preempting claims based on the "origination" and "servicing" of a loan) and 560.2(b)(4) (preempting claims based on "the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan" (i.e., foreclosure)). The claim is also time-barred. *See* Mot. at 13; Section 2, *supra.*

93000/FR0624/00561150-2       5       CASE NO. 2:12-CV-09661-JGB-RZ
REPLY ISO MOTION TO DISMISS

1  The opposition also asserts that Wells Fargo's refusal to modify the loan was
2  somehow "unfair or deceptive." Opp. at 8-9. But the FAC lacks allegations that
3  substantiate that bare assertion. There is no dispute that Wells Fargo was under no
4  *obligation* to modify the loan or even offer Plaintiff a modification. Therefore,
5  denying Plaintiff's repeated requests "without [giving] a legitimate reason for the
6  denials" or "failing to offer [her] a loan modification or workout plan" was not a
7  violation of Section 17200.

### 5. THE COURT SHOULD ENFORCE THE TENDER RULE

Plaintiff does not dispute the existence of the tender rule or that the very purpose of the rule is to "prevent[] 'a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.'" *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 1022, 1034 (N.D. Cal. 2010). Plaintiff argues, however, that the Court enforcing that rule here would be inequitable because Plaintiff has merely alleged that the loan was procured by fraud. Opp. at 10. But Plaintiff's fraud allegation is flimsy and legally inadequate. Plaintiff does not contend that she was an unsophisticated borrower tricked into taking out a loan. Instead, Plaintiff – a real estate professional for the last 23 years -- sought out a loan refinance (FAC ¶ 67), received the fixed rate loan she asked for at a better rate than promised and voluntarily executed the loan agreements, but was not told of certain details that she at all times had the incentive and means to find out on her own. She stopped making payments nearly four years ago (*see* RJN, Ex. H at 2), and has been living at the property for free ever since. Under those circumstances, equity and California law demand that Plaintiff tender the outstanding amounts in order to state her claims.

## 6. THE QUIET TITLE CLAIM IS PREMATURE AND PLAINTIFF LACKS STANDING

The quiet title claim is based on a purposeful misrepresentation of facts, likely due to Plaintiff's use of a complaint prepared for another case. The FAC alleges that Wells Fargo "obtained the property through fraud." FAC ¶ 101; Opp. at 11 (arguing that "property obtained through fraud and wrongful conduct"). But Plaintiff is well aware that Wells Fargo has not foreclosed on the property, and the FAC does not assert otherwise. Indeed, the FAC requests an injunction *preventing* Wells Fargo from doing so. *See* Prayer for Relief ¶ 1. The quiet title claim is premature at best, and should be dismissed.

Wells Fargo's opening brief also pointed out that Plaintiff lacks standing to sue to quiet title. *See* Mot. at 16-17. The opposition does not dispute that fact.

## 7. CONCLUSION

For each of the foregoing reasons, Wells Fargo requests that the Court grant this motion to dismiss without leave to amend.

Respectfully submitted,

Dated: January 14, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Viddell Lee Heard
Viddell Lee Heard
vheard@afrct.com
Attorneys for Defendants
WELLS FARGO FINANCIAL CALIFORNIA, INC.; WELLS FARGO FINANCIAL, INC., and WELLS FARGO BANK, N.A. ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR0624/00561150-2 | 7 | CASE NO. 2:12-CV-09661-JGB-RZ REPLY ISO MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in said case as follows:

| Served Electronically Via the Court's CM/ECF System | Served Electronically Via the Court's CM/ECF System |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for* |
| September J. Katje, Esq.<br>Consumer Litigation Law Center, APC<br>100 North Barranca Ave., Ste 700<br>West Covina, CA 91791<br><br>Tel: 800.787.5616<br>Fax: 888.909.7947<br><br>sk@consumerlitigationlawcenter.com | Cal-Western Reconveyance Corporation<br>Robin P. Wright, Esq.<br>Helen Cayton, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, #280<br>Newport Beach, CA 92660<br><br>rwright@wrightlegal.net<br>hcayton@wrightlegal.net<br><br>Tel: (949) 477-5050<br>Fax: (949) 477-9200 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 14, 2013.

| Christine Daniel | */s/ Christine Daniel* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR0624/00561150-2

Case No.: 2:12-cv-05394-DMG-VBK
CERTIFICATE OF SERVICE