O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTHA ALVAREZ,            )    Case No. CV 12-09661 JGB
                          )    (RZx)
          Plaintiff,      )
                          )    **ORDER (1) GRANTING**
    v.                    )    **DEFENDANTS' MOTION TO**
                          )    **DISMISS (DOC. NO. 13); AND**
WELLS FARGO BANK, N.A.,    )    **(2) VACATING THE FEBRUARY 4,**
                          )    **2013 HEARING**
          Defendant.      )
_____  )    **[Motion filed on December**
                               **12, 2012]**

     Plaintiff Martha Alvarez brings this action asserting
eight claims related to the pending trustee's sale of her
residence.  Before the Court is a Motion to Dismiss filed
by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").
(Doc. No. 13.)  The Court finds Defendant's Motion
appropriate for resolution without a hearing.  See Fed.
R. Civ. P. 78; L.R. 7-15.  After reviewing and
considering all papers filed in support of and in
opposition to the Motion, the Court GRANTS Defendant's
Motion WITHOUT LEAVE TO AMEND.

# I. BACKGROUND

## A.   Allegations in the Complaint

On January 2, 2008, Plaintiff took out an adjustable rate mortgage on her residence for $860,000, executing a Note secured by a Deed of Trust in favor of lender World Savings Bank, FSB ("World Savings"), to which Wells Fargo is presently the successor in interest.  (First Amended Complaint ("FAC") ¶¶15, 19, Ex. D ("Deed of Trust").) The World Savings agent allegedly represented to Plaintiff that she would receive a 30-year fixed-rate mortgage loan but did not disclose to Plaintiff that the loan had a finance charge of $1,665,027.56 and that the principal balance of the loan would increase.  (FAC ¶¶ 15, 16.)  Plaintiff attempted to modify her loan, but Defendant or agents thereof denied her application to do so on six occasions.  (Id. ¶ 17.)  Defendant recorded a notice of default and notice of trustee's sale of the property; the sale date is currently pending.  (Id. ¶ 18.)

## B.   Procedural History

Plaintiff through her counsel filed her original Complaint on October 1, 2012, in the California Superior Court for the County of Los Angeles, alleging claims for

```
1        1.   Violation of California Bus. & Prof. Code §
              17200 et seq.;
2        2.   Unfair and Deceptive Business Practices in Loan
              Servicing;
3        3.   Unfair and Deceptive Business Practices in
              Foreclosure Process;
4        4.   Fraud in Loan Origination;
         5.   Set Aside Pending Trustee's Sale Based on
5             Wrongful Foreclosure Proceedings (Cal. Civ. Code
              § 2923.5);
6        6.   Violation of RESPA;
         7.   Breach of Implied Covenant of Good Faith and
7             Fair Dealing;
         8.   Cancelation of Void Contract and Restitution;
8        9.   Quiet Title; and
         10.  Declaratory Relief
9   (Compl., Ex. 1 to Not. of Removal (Doc. No. 1).)
```

Defendant removed the action to this Court on November 9, 2012.  (See Not. of Removal.)  On November 16, 2012, Defendant filed a Motion to Dismiss and a Motion to Strike (Doc. Nos. 7, 8), both of which were mooted by Plaintiff's FAC (Doc. No. 10), filed on December 7, 2012, and alleging claims for

```
         1.   Unfair or Deceptive Business Practices in Loan
              Origination;
         2.   Unfair or Deceptive Business Practices in Loan
              Servicing;
         3.   Unfair or Deceptive Business Practices in
              Foreclosure Process;
         4.   Fraud in Loan Origination;
         5.   Breach of Implied Covenant of Good Faith and
              Fair Dealing;
         6.   Cancelation of Void Contract and Restitution;
         7.   Quiet Title; and
         8.   Declaratory Relief
```

Defendant then filed its Motion to Dismiss Plaintiff's FAC ("Motion") on December 21, 2012.  (Doc. No. 13.)  Plaintiff filed her Opposition on January 7, 2013.  (Doc. No. 18.)  Defendant replied on January 14, 2013.  (Doc. No. 20.)

3

1  **C.    Request for Judicial Notice**

2

3        Defendant filed a Request for Judicial Notice ("RJN")

4   (Doc. No. 14) with its Motion on October 9, 2012,

5   requesting the Court to take judicial notice of (1) a

6   Certificate of Corporate Existence dated April 21, 2006,

7   issued by the Office of Thrift Supervision, Department of

8   the Treasury ("OTS"), certifying that World Savings was a

9   federal savings bank; (2) the Charter of Wachovia

10  Mortgage, FSB; (3) an OTS letter authorizing a name

11  change from World Savings to Wachovia; (4) the Official

12  Certification of the Comptroller of the Currency stating

13  that Wachovia converted to Wells Fargo Bank Southwest,

14  N.A., which then merged with and into Wells Fargo Bank,

15  N.A; (5) a printed webpage from the Federal Deposit

16  Insurance Corporation showing the history of Wachovia;

17  (6) a Deed of Trust recorded on January 2, 2008; (7) a

18  Fixed-Rate Mortgage Note signed by Plaintiff on December

19  24, 2007; (8) a Notice of Default recorded on July 30,

20  2009; (9) a Notice of Trustee's Sale recorded on May 21,

21  2012; (10) and California Department of Real Estate

22  license information regarding Plaintiff.[1]

23

24      A court may take judicial notice of court filings and

25  other matters of public record.  See <u>Reyn's Pasta Bella,</u>

26  <u>LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir.

27  _____

[1] The Court lists only those exhibits on which it

28  relies in this Order.

1 2006) (citing <u>Burbank-Glendale-Pasadena Airport Auth. v.</u>

2 <u>City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998)).

3 Defendant has provided reference numbers for these

4 documents, showing that they were in fact recorded; this

5 demonstrates that the documents are public records.  <u>See</u>

6 <u>Grant v. Aurora Loan Servs., Inc.</u>, 736 F. Supp. 2d 1257,

7 1264 (C.D. Cal. 2010) (collecting cases); <u>Velazquez v.</u>

8 <u>GMAC Mortg. Corp.</u>, 605 F. Supp. 2d 1049, 1057-58 (C.D.

9 Cal. 2008).   The Court grants judicial notice of these

10 documents.

11

12 **II. LEGAL STANDARD**

13

14 **A.   Dismissal Under Rule 12(b)(6)**

15

16      Federal Rule of Civil Procedure 12(b)(6) allows a

17 party to bring a motion to dismiss for failure to state a

18 claim upon which relief can be granted.  Rule 12(b)(6) is

19 read in conjunction with Rule 8(a), which requires only a

20 short and plain statement of the claim showing that the

21 pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2);

22 <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957) (holding that

23 the Federal Rules require that a plaintiff provide "'a

24 short and plain statement of the claim' that will give

25 the defendant fair notice of what the plaintiff's claim

26 is and the grounds upon which it rests." (quoting Fed. R.

27 Civ. P. 8(a)(2))); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S.

28

1 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion,

2 a court must accept all material allegations in the

3 complaint — as well as any reasonable inferences to be

4 drawn from them — as true and construe them in the light

5 most favorable to the non-moving party.  See Doe v.

6 United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC

7 Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096

8 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th

9 Cir. 1994).

10

11      "While a complaint attacked by a Rule 12(b)(6)

12 motion to dismiss does not need detailed factual

13 allegations, a plaintiff's obligation to provide the

14 'grounds' of his 'entitlement to relief' requires more

15 than labels and conclusions, and a formulaic recitation

16 of the elements of a cause of action will not do."

17 Twombly, 550 U.S. at 555 (citations omitted).  Rather,

18 the allegations in the complaint "must be enough to raise

19 a right to relief above the speculative level."  Id.

20

21      To survive a motion to dismiss, a plaintiff must

22 allege "enough facts to state a claim to relief that is

23 plausible on its face."  Twombly, 550 U.S. at 570;

24 Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949

25 (2009).  "The plausibility standard is not akin to a

26 'probability requirement,' but it asks for more than a

27 sheer possibility that a defendant has acted unlawfully.

28

1 | Where a complaint pleads facts that are 'merely
2 | consistent with' a defendant's liability, it stops short
3 | of the line between possibility and plausibility of
4 | 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949
5 | (quoting Twombly, 550 U.S. at 556). The Ninth Circuit
6 | has clarified that (1) a complaint must "contain
7 | sufficient allegations of underlying facts to give fair
8 | notice and to enable the opposing party to defend itself
9 | effectively," and (2) "the factual allegations that are
10 | taken as true must plausibly suggest an entitlement to
11 | relief, such that it is not unfair to require the
12 | opposing party to be subjected to the expense of
13 | discovery and continued litigation." Starr v. Baca, 652
14 | F.3d 1202, 1216 (9th Cir. 2011).

15 |

16 | Although the scope of review is limited to the
17 | contents of the complaint, the Court may also consider
18 | exhibits submitted with the complaint, Hal Roach Studios,
19 | Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
20 | (9th Cir. 1990), and "take judicial notice of matters of
21 | public record outside the pleadings," Mir v. Little Co.
22 | of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988)

23 |

24 |

25 |

26 |

27 |

28 |

7

1                          **III. DISCUSSION**

2
     **A.   Sufficiency of the Complaint**
3

4          **1.   Plaintiff's Claims are Preempted by the Home
                  Owners' Loan Act**
5

6          Wells Fargo contends that all of Plaintiff's claims

7    should be dismissed because they are state law claims

8    preempted by the Home Owners' Loan Act ("HOLA"), as World

9    Savings was a federal savings bank regulated by the

10   Office of Thrift Supervision ("OTS").  (See Mot. at 2-5;

11   RJN, Ex. A, C.)  The OTS "occupies the entire field of

12   lending regulation for federal savings associations."  12

13   C.F.R. § 560.2.  The Ninth Circuit has found that HOLA

14   confers on OTS "broad authority to issue regulations

15   governing thrifts."  Silvas v. E*Trade Mortg. Corp., 514

16   F.3d 1001, 1005 (9th Cir. 2008) (citing 12 U.S.C. §

17   1464).  "As the principal regulator for federal savings

18   associations, OTS promulgated a preemption regulation in

19   12 C.F.R. § 560.2."  Id.  The regulations implementing

20   HOLA described the following types of state law as

21   preempted by HOLA: terms of credit, including

22   amortization or loans; disclosure, including laws

23   requiring specific information and statements; and

24   "processing, origination, servicing, sale or purchase of,

25   or investment or participation in, mortgages."  See 12

26   C.F.R. § 560.2(b)(4, 9, 10).

27

28

                                8

1    "In addition to the mandate in § 560.2(a) and (b),

2  OTS has outlined a proper analysis in evaluating whether

3  a state law is preempted under the regulation. . . . When

4  analyzing the status of state laws under § 560.2, the

5  first step will be to determine whether the type of law

6  in question is listed in paragraph (b).  If so, the

7  analysis will end there; the law is preempted." Silvas,

8  514 F.3d at 1005.  All Plaintiff's state law claims are

9  of the type specifically listed as preempted by HOLA's

10 paragraph (b).  See Silvas, 514 F.3d at 1006 (finding

11 claim under California Business and Professions Code

12 section 17200 for misrepresentation and misstatements

13 preempted by HOLA); Ayala v. World Savings Bank, FSB, 616

14 F. Supp. 2d 1007, 1016 (C.D. Cal. 2009) (finding fraud

15 claim preempted by HOLA); Curcio v. Wachovia Mortg.

16 Corp., 2009 WL 3320499, at *6 (S.D. Cal. Oct. 14, 2009)

17 (findings claims premised on the defendant bank's failure

18 to modify the loan preempted by HOLA).  Thus, the Court

19 finds all Plaintiff's claims fall within the category of

20 laws specifically preempted by HOLA.  Were this not so,

21 however, Plaintiff would still fail to state a claim

22 under Rule 12(b)(6) for the reasons set forth below.

23

24         **2.   Failure to Tender Bars Plaintiff's Equitable**
           **Claims**

25

26

27     Defendant argues that Plaintiff's claims are barred

28 by her failure to tender.  (Mot. at 14–15.)  Plaintiff

9

1  asserts that it would be an undue hardship to require her

2  to tender and inequitable because the loan arose as a

3  result of Defendant's fraudulent conduct.  (Opp'n at 10.)

4

5      Generally, a debtor challenging a foreclosure sale is

6  required to make a tender or otherwise offer to pay the

7  full amount of his debt.  See Sierra-Bay Fed. Land Bank

8  Ass'n v. Superior Court, 227 Cal. App. 3d 318, 337

9  (1991); U.S. Cold Storage v. Great W. Sav. & Loan Ass'n,

10  165 Cal. App. 3d 1214, 1225 (1985); see also Alicea v. GE

11  Money Bank, No. C. 09-00091 SBA, 2009 WL 2136969, at *3

12  (N.D. Cal. July 16, 2009) ("When a debtor is in default

13  of a home mortgage loan, and a foreclosure is either

14  pending or has taken place, the debtor must allege a

15  credible tender of the amount of the secured debt.").

16  This rule is rooted in equity and premised on the notion

17  that "[i]t would be futile to set aside a foreclosure

18  sale on the technical ground that notice was improper, if

19  the party making the challenge did not first make full

20  tender and thereby establish his ability to purchase the

21  property."  U.S. Cold Storage, 165 Cal. App. 3d at 1225.

22

23      Exceptions to the tender rule do exist.  In Onofrio

24  v. Rice, 55 Cal. App. 4th 413 (1997), the court held that

25  tender may not be required where it would be "inequitable

26  to do so" or "the action attacks the validity of the

27  underlying debt."  Id. at 424.  There, the court affirmed

28

1 the lower court's decision not to require a tender where

2 the person who purchased the plaintiff's property at

3 foreclosure was the plaintiff's own foreclosure

4 consultant who represented that he would assist her in

5 avoiding foreclosure.  In Lona v. Citibank, N.A., 202

6 Cal. App. 4th 89 (2011), the court reaffirmed these

7 exceptions to the tender rule, noting "if the borrower's

8 action attacks the validity of the underlying debt, a

9 tender is not required since it would constitute an

10 affirmation of the debt."  Id. at 112-13.

11

12     Plaintiff, as elaborated below regarding her fraud

13 claims, does not attack the validity of the debt itself,

14 but argues only that Defendant failed to inform her about

15 certain terms of the loan.  Procedural violations are not

16 the type of inequitable circumstances that qualify a

17 debtor for an exception to the tender rule.  See Arnolds

18 Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984)

19 ("It is settled that an action to set aside a trustee's

20 sale for irregularities in sale notice or procedure

21 should be accompanied by an offer to pay the full amount

22 of the debt for which the property was security."), cited

23 in Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d

24 1257, 1269 (C.D. Cal. 2010).  In addition, as set forth

25 below, Plaintiff has failed to allege sufficiently that

26 Defendant committed fraud.  Thus, there is nothing

27 inequitable about requiring tender in this instance.

28

11

1    To be valid, tender must be unconditional and for the

2  full amount of the debt.  <u>Arnolds Mgmt. Corp. v. Eischen</u>,

3  158 Cal. App. 3d 575, 580 (1984).  The ability to pay is

4  an implicit requirement.  <u>Karlsen v. Am. Sav. & Loan</u>

5  <u>Ass'n</u>, 15 Cal. App. 3d 112, 118 (1971).  Plaintiff in her

6  FAC neither alleges that she is ready and willing to pay

7  the full amount of the debt, nor that she is financially

8  able to do so.  Plaintiff in fact states that requiring

9  her to tender would be "a hardship."  (Opp'n at 10.)

10

11    Plaintiff's failure to allege a credible offer of

12  tender is fatal to her equitable claims.

13

14  **3.  Failure to State Fraud Claims**

15

16  Plaintiff in her "fraud in loan origination claim"

17  alleges that "Plaintiff had no knowledge of the negative

18  amortization component of the loan and had no way of

19  discovering the undisclosed loan terms because of the

20  deceptive manner in which the loan documents were drafted

21  until Plaintiff received the Notice of Trustee Sale which

22  put her on notice of the substantial increase in the loan

23  balance."  (FAC ¶ 66.)  In addition, Plaintiff's three

24  claims for violation of California Business & Professions

25  Code § 17200 are based on Defendant's allegedly

26  fraudulent conduct.  (See FAC ¶¶ 31-40 (deception in loan

27  origination); 52, 54 (deception in loan servicing); 58-61

28

1  (deception in foreclosure process).)  Plaintiff fails to

2  adequately allege a claim for fraud.

3

4     First, under California law, the elements of a fraud

5  claim are false representation, knowledge of its falsity,

6  intent to defraud, justifiable reliance, and damages.

7  Hackethal v. Nat'l Cas. Co., 189 Cal. App. 3d 1102, 1111

8  (1987).  The crux of Plaintiff's argument is that the

9  Wells Fargo agent "did not disclose and Plaintiff was not

10 aware that, among other things, the loan had a finance

11 charge of $1,665,027.56, and that the principal balance

12 of the loan would dramatically increase."  (FAC ¶ 16.)

13 "[T]o establish fraud through nondisclosure or

14 concealment of facts, it is necessary to show the

15 defendant was under a legal duty to disclose them."  OCM

16 Principal Opportunities Fund, L.P. v. CIBC World Markets

17 Corp., 157 Cal. App. 4th 835,  846 (2007).  Here,

18 Plaintiff cannot show that Defendant owed her a duty of

19 care or a specific duty to disclose.

20

21    A duty of care may arise through statute or contract;

22 it may also be premised upon the relationship between the

23 parties or the general character of the activity in which

24 the defendant engaged.  J'Aire Corp. v. Gregory, 24 Cal.

25 3d 799, 803 (1979).  The existence of a duty of care is

26 an issue of law.  Mintz v. Blue Cross of Cal., 172 Cal.

27 App. 4th 1594, 1610 (2009).  Generally, lenders and

28

1 servicers do not owe a duty of care.  See Nymark v. Heart

2 Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093

3 (1991).  Plaintiff fails to point to any special

4 relationship or special kind of activity that bestowed a

5 duty of care upon Defendant.  Further, Plaintiff's

6 assertion that she sufficiently states a fraud claim

7 because the "complexity of the loan documents . . .

8 concealed the terms of the loan" and because of

9 Defendant's "superior knowledge" of these terms is belied

10 by Plaintiff's experience as a real estate salesperson

11 licensed in California.  (See RJN, Ex. K.)  Plaintiff

12 does not allege that Defendant made any false

13 representations and Plaintiff cannot allege that

14 Defendant owed her a duty of care; she thus cannot allege

15 any of the remaining elements of fraud.  See Hackethal,

16 189 Cal. App. at 1111.

17

18    Second, Plaintiff fails to show adequately that her

19 fraud claims are not time-barred.  Under Cal. Civ. Proc.

20 Code § 338(d), the statute of limitations for a fraud

21 claim is three years.  Plaintiff argues that her claims

22 are not time-barred because a fraud claim "is not deemed

23 to have accrued until the discovery of the facts

24 constituting the fraud by the aggrieved party. . . As a

25 result of the compounding half-truths,

26 misrepresentations, omissions, and Defendant's failure to

27 provide the loan documents in a timely fashion, Plaintiff

28

1 was not aware of the actual loan terms and Defendant's

2 fraudulent actions."  Nevertheless, Plaintiff fails to

3 set forth this delayed-discovery argument with sufficient

4 facts, as she does not "specifically plead facts which

5 show (1) the time and manner of discovery and (2) the

6 inability to have made earlier discovery despite

7 reasonable diligence."  CAMSI IV v. Hunter Technology

8 Corp., 230 Cal. App. 3d 1525, 1536-1537 (1991); id.

9 ("Mere conclusory assertions that delay in discovery was

10 reasonable are insufficient and will not enable the

11 complaint to withstand general demurrer.").  Therefore,

12 the Court finds that Plaintiff fails to meet her burden

13 of showing that she fraud claims are not time-barred.

14

15    **4.  Failure to State a Claim for Breach of Implied**

16        **Covenant of Good Faith and Fair Dealing**

17

18    Plaintiff claims that Defendant breached the implied

19 covenant of good faith and fair dealing by denying and

20 not properly reviewing her loan modification

21 applications.  (See FAC ¶¶ 81-86.)  While loan

22 modifications in California are preferred where

23 appropriate (see Cal. Civ. Code § 2923.6 (encouraging

24 lenders to offer loan modifications to borrowers in

25 appropriate circumstances)), Defendant was not under any

26 obligation to offer Plaintiff a loan modification.  The

27 "implied covenant of good faith and fair dealing is

28

15

1  limited to assuring compliance with the express terms of

2  the contract, and cannot be extended to create

3  obligations not contemplated by the contract." <u>Pasadena</u>

4  <u>Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089,

5  1093-94 (2004).  Plaintiff fails to allege anything

6  regarding the express terms of the contract, nor can she

7  given that the note and Deed of Trust are silent on a

8  right to loan modification but expressly provide

9  Defendant with the right to foreclose on Plaintiff's

10 subject property due to default.  (<u>See</u> RJN, Exs. F, G.)

11

12 **B.   Leave to Amend**

13

14     Federal Rule of Civil Procedure 15(a) provides that

15 leave to amend "shall be freely given when justice so

16 requires."  Fed. R. Civ. P. 15(a).  A district court can

17 deny leave "where the amendment would be futile . . . or

18 where the amended complaint would be subject to

19 dismissal."  <u>Saul v. United States</u>, 928 F.2d 829, 843

20 (9th Cir. 1991) (citations omitted); <u>see also</u> <u>Steckman v.</u>

21 <u>Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998).

22 "[A] proposed amendment is futile only if no set of facts

23 can be proved under the amendment to the pleadings that

24 would constitute a valid and sufficient claim or

25 defense."  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209,

26 214 (9th Cir. 1988).

27

28

1    As set forth above, Plaintiff's claims, all brought

2 under California law, are preempted by HOLA.  Were this

3 not so, Plaintiff would still fail to plead facts

4 sufficient to state a claim under Rule 12(b)(6).  Thus,

5 as the Court finds that any amendment to the pleadings

6 would be futile, the Court dismisses Plaintiff's FAC

7 without leave to amend.

8

9                    **IV. CONCLUSION**

10

11    For the foregoing reasons, the Court GRANTS

12 Defendant's Motion to Dismiss Plaintiff's First Amended

13 Complaint WITHOUT LEAVE TO AMEND.

14

15

16

17

18

19

20

21

22

23

24

25

Dated: ___January 31, 2013___       _____

26                                      JESUS G. BERNAL
                                 United States District Judge
27

28